ORIGINAL

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
225 Cadman Plaza East
Brooklyn, NY 11201

*ATIF ALI KHAN,*
*Petitioner Pro Se and Natural Guardian of R.A.K. (Minor Child, 12 Years Old),*

*against -*

*HON. QUYNDA SANTACROCE, in her individual*
*and official capacity as Acting Judge of the Family Court,*

*COURT ATTORNEY REFEREE ESTHER B. CAJUSTE,*
*in her individual and official capacity,*

*THE QUEENS COUNTY FAMILY COURT, and*
*THE CITY OF NEW YORK,*
*Respondents.*

**Civil Action No.:**

**VERIFIED EMERGENCY COMPLAINT FOR FEDERAL OBSTRUCTION AND CIVIL RIGHTS VIOLATIONS**

The Petitioner, Atif Ali Khan, appearing pro se and as the natural guardian of the minor child, R.A.K. (12 years old), respectfully alleges as follows:

**PRELIMINARY STATEMENT**

1. This emergency civil rights action is brought pursuant to the **Federal Supremacy Clause (U.S. Const. art. VI, cl. 2)**, the **Fourteenth Amendment Due Process Clause**, and **42 U.S.C. § 1983** to halt a calculated, bad-faith campaign of institutional corruption,

REC'D IN PRO SE OFFICE
OCT 2 '26 AM11:05

systemic fraud, federal mail obstruction, and active interference with a mandatory federal administrative proceeding. The individual Respondents, acting under color of state law, have deployed a series of fabricated court records, intercepted and tampered with legal filings, and used deliberate structural blockages to strip the Petitioner of his liberty and directly impede a superior mandate issued by the United States Department of Justice Executive Office for Immigration Review (EOIR).

2. As directly established by **Exhibit A** (Order to Show Cause, Index No. 705493/2026) and **Exhibit B** (Notice of RICO & Color of Law Fraud Referral), the individual Respondents, in direct coordination with a complicit city prosecution framework, have engaged in a cascading series of affirmative criminal acts, docket manipulation, and intentional bad-faith delays. Operating under a deep-seated, systemic illusion of absolute immunity, these public officials have chosen to commit additional layers of fraud, record tampering, and federal mail obstruction to cover up threshold jurisdictional defects. This self-incriminating cycle of institutional cover-ups has created an unconstitutional legal gridlock explicitly designed to force the non-appearance of the innocent minor child, R.A.K., at her mandatory federal immigration court hearing scheduled for October 6, 2026, at 26 Federal Plaza.

## JURISDICTION AND VENUE

1. Jurisdiction is invoked pursuant to **28 U.S.C. § 1331** (Federal Question Jurisdictional Authority) and **42 U.S.C. § 1983**. This Court holds inherent equitable power under the United States Constitution to intervene and enjoin state-level individuals whose specific administrative actions actively frustrate, block, or penalize compliance with superior federal immigration court mandates.

2. Venue is proper in the Eastern District of New York under **28 U.S.C. § 1391(b)** as the individual fraudulent record acts, systemic cover-ups, and underlying obstruction of federal processes occurred entirely within Queens County, New York.

## FACTUAL BASIS: MUNICIPAL COMPLICITY, THE PEER-TO-PEER COVER-UP, AND THE MYTH OF ABSOLUTE IMMUNITY

1. The named individual Respondents have operated in complete and reckless disregard of the law, violating established New York State statutory limits and binding appellate precedents—specifically *Matter of Fournier v. Perez*—to maintain an unauthorized, invalid temporary order of protection over a family offense docket for which they hold zero party consent. As explicitly documented in **Exhibit B**, administrative avenues have been entirely exhausted, stonewalled, and dead-ended, with supervising jurists systematically refusing to intervene to correct these bad-faith tracking manipulations.
2. Rather than correcting this threshold jurisdictional defect when explicitly challenged on the record, the Respondents and the city prosecution apparatus chose to double down on their illegal actions. Driven by a culture of mutual peer protection, these actors systematically engaged in fraud upon the court by fabricating official paper appearance logs, destroying public mail correspondence, and refusing to file or issue formal decisions on emergency motions to vacate. As detailed in **Exhibit A**, lower court clerical supervisors executed an unconstitutional physical lockout of the judicial infrastructure, explicitly refusing to accept or file Petitioner's physical motions in person.
3. The core architect of this structural conspiracy is Huma Khan, a public employee of the Civic Engagement Commission (CEC) and Queens Borough budget coordinator. Huma Khan gamed the municipal system that employs her, utilizing her public position and city budgetary access to route a $51,000 city grant directly into a private non-profit operated by Queens Borough budget infrastructure and Domestic Violence components. This financial quid pro quo (**N.Y. Penal Law § 200.00 - Bribery**; **N.Y. Penal Law § 200.20 - Rewarding Official Misconduct**) was utilized to buy illicit outside influence, manipulate the local prosecution infrastructure, and launch a fraudulent, retaliatory prosecution as a weapon to suppress the Petitioner.
4. This targeted campaign of manipulation, document falsification, and malicious prosecution was executed because the Petitioner is a subpoenaed non-party witness against Huma Khan's auto insurance fraud under Supreme Court Index No. 727141/2023 and an active whistleblower to the Department of Investigation (DOI) regarding public funds embezzlement. The city prosecution component has remained completely complicit, engaging in a bad-faith cover-up, ignoring concrete evidence of internal record

forgery, and choosing to protect their disgraced official peers while incriminating the system itself rather than allowing the truth-seeking mechanisms of the court to function.

## LEGAL BINDING COMPARISON: APPLICATION OF THE DUGAN PRECEDENT

1. The extreme nature of the Respondents' obstruction is demonstrated by a direct legal comparison to the federal prosecution and removal of a state judicial officer in the United States District Court for the Eastern District of Wisconsin (*United States v. Hannah Dugan*).
2. In the *Dugan* precedent, federal intervention was triggered because a state judicial officer committed a physical act under color of law to help an individual evade law enforcement processes. The *Dugan* case established that state judicial status offers zero immunity when a jurist actively engages in structural interference with the administration of justice.
3. The misconduct executed by the individual Respondents in the Eastern District of New York is vastly more severe than the *Dugan* model. While *Dugan* involved an isolated physical courtroom exit, the Respondents herein are actively utilizing the official machinery of the state court to commit forgery of appearance logs and docket manipulation. They have fabricated official paper records to falsely document an absent litigant as Present, leveraging these fraudulent instruments to maintain a legal deadlock that actively self-incriminates the court infrastructure to shield prior bad acts and block a minor child from attending a mandatory federal immigration proceeding.

## SPECIFIC ACTS OF SYSTEMIC FRAUD AND FEDERAL OBSTRUCTION

### I. July 7, 2026 Interception: Federal Mail Fraud and Evidence Tampering

1. On **July 7, 2026**, the individual Respondents engaged in severe federal and state offenses, executing a targeted scheme of federal mail obstruction under **18 U.S.C. § 1702 (Obstruction of Correspondence)** and evidence tampering under **N.Y. Penal Law § 175.25 (Tampering with Public Records)**.
2. As specifically detailed in **Exhibit B** and corroborated by the underlying **United States Postal Service (USPS) receipts and certified delivery tracking logs** integrated directly

within the filed records of **Exhibit A**, the Petitioner dispatched formal Recusal Motions via tracked mail after suffering an unconstitutional in-person window lockout by clerical supervisors on July 6, 2026.

3. The certified USPS tracking data and delivery verification logs prove that despite successful physical delivery and formal electronic mail admissions of service executed by opposing counsel on July 9, 2026, Respondent Court Attorney Referee Esther B. Cajuste and complicit court personnel intentionally intercepted, dumped, and destroyed the physical mail pieces. This illegal obstruction was transacted with the explicit, corrupt intent to suppress evidence, manipulate court archives, and prevent the formal recusal applications from ever appearing on the public docket log under Supreme Court **Index No. 705493/2026 (Exhibit A)**. Intercepting, diverting, or destroying USPS mail to cover up threshold judicial misconduct constitutes an actionable federal felony and an egregious fraud upon the court under color of law.

## II. Fraudulent Fabrication of Court Records by Referee Esther B. Cajuste

1. On June 18, 2026, and May 22, 2026, Referee Cajuste executed official temporary orders of protection under Family Court File No. 238338, explicitly and falsely documenting the completely absent Petitioner as Present and personally served. The actual physical and operational records of the court demonstrate that the Petitioner was completely Absent on those dates. Supreme Court Judge Joseph J. Esposito formally signed an initial Order to Show Cause staying her orders due to the "deliberate misrepresentation of material facts regarding Petitioner's physical presence" (**Exhibit A**).
2. This explicit fabrication of appearance logs constitutes **Fraud upon the Court** and an actionable civil rights violation under color of state law (**42 U.S.C. § 1983**), used to insulate the Referee's lack of jurisdiction from appellate review and enforce an unconstitutional restraint on the Petitioner's liberty.

## III. Deliberate Inaction and Prosecutorial Complicity to Evade Review

1. On August 18, 2026, the Petitioner filed a formal Motion to Vacate/Dismiss and subsequent Motions for Reargument under New York Civil Practice Law and Rules (**CPLR § 2221(d)**). These filings conclusively exposed the Referee's fraudulent record generation and lack of subject-matter jurisdiction, given the absolute absence of party consent required by *Matter of Fournier v. Perez*.
2. Acting Family Court Judge Quynda Santacroce has deliberately refused to issue formal rulings on these pending motions. Instead, the court's administrative units and the city prosecution framework have engaged in a pattern of bad-faith tracking, calling and messaging the Petitioner to force the execution of defective appellate forms. This maneuver was designed to strip the trial court of active dockets, bury the pending motions, and cover up the clear visual evidence of internal record forgery.

## IV. Direct Obstruction of the Federal Executive Office for Immigration Review (EOIR)

1. The Petitioner is a subpoenaed witness and natural guardian responsible for transporting his minor daughter, R.A.K., to her mandatory federal immigration court hearing at 26 Federal Plaza on October 6, 2026.
2. On September 29, 2026, the natural guardian escalated this crisis to the trial-level Supreme Court of the State of New York by filing a Verified Petition and an emergency Order to Show Cause (OSC) for Federal Order Relief under **Index No. 705493/2026 (Exhibit A)**.
3. On September 30, 2026, New York State Supreme Court Justice Carmen R. Velasquez reviewed this application and issued a summary procedural Declination Order, flatly refusing to sign the OSC or grant the necessary travel window, punting the matter back to the intentionally silent Family Court venue.
4. The targeted refusal of the state courts to carve out a mandatory federal travel window forces a textbook legal impossibility: compliance with the federal immigration court mandate triggers an immediate state-level arrest for criminal contempt under a void order, while staying home to avoid arrest triggers an automatic federal default for an innocent child. This systemic obstruction violates the **Fourteenth Amendment Due Process Clause** and the **Federal Supremacy Clause (U.S. Const. art. VI, cl. 2)**.

**PRAYER FOR RELIEF**

WHEREFORE, the Petitioner respectfully requests that this Court enter judgment:

A. **Declaring** that the structural delays, municipal cover-ups, and criminal record fabrications executed by the Respondents under Queens County Family Court File No. 238338 constitute a violation of the Fourteenth Amendment and the Federal Supremacy Clause.

B. **Issuing an Immediate Injunction** carving out an absolute federal travel window on October 6, 2026, permitting the Petitioner to safely transport and accompany R.A.K. (Minor Child, 12 Years Old) to 26 Federal Plaza without local law enforcement interference.

C. **Ordering** the U.S. Attorney's Office for the EDNY and the FBI to subpoena the FTR court audio logs and clerk records to preserve the evidence of docket manipulation.

Dated: October 2, 2026

Queens, New York

Respectfully submitted,

Atif Ali Khan, Petitioner Pro Se

**VERIFIED STATEMENT**

I, Atif Ali Khan, declare under penalty of perjury under the laws of the United States of America that I am the Petitioner in the within action, that I have read the foregoing Complaint and know the contents thereof, and that the same is true to my own knowledge, except as to matters therein stated to be alleged upon information and belief, and as to those matters I believe them to be true. Executed on this 2nd day of October, 2026, in Queens, New York.

Atif Ali Khan

**REQUIRED INDEX OF ATTACHED EXHIBITS FOR THE COMPLAINT CIVIL ACTION INITIALIZATION**

**EXHIBIT A:** The physical copy of the proposed Order to Show Cause (OSC) for Preliminary Injunction, Writ of Mandamus, and Compulsory Hearing filed in the Supreme Court of the State of New York, County of Queens under **Index No. 705493/2026**, containing integrated internal references to United States Postal Service (USPS) receipts and certified tracking delivery logs.

**EXHIBIT B:** The formal, multi-page Notice of Criminal Fraud Referral and Referral to EDNY for RICO and Color of Law Fraud, addressed to the Public Corruption Bureau and the U.S. Attorney's Office, dated September 25, 2026, documenting the mail dumping, interception, and tampering acts.

ORIGINAL

# Exhibit A

REC'D IN PRO SE OFFICE
OCT 2 '26 AM 11:06

# SUPREME COURT OF THE STATE OF NEW YORK

# COUNTY OF QUEENS

In the Matter of the Application of

**ATIF KHAN,**
Petitioner,

-against-

**HON. QUYNDA L. SANTACROCE,** Family Court Judge, and
**ESTHER CAJUSTE,** Family Court Referee,
Respondents.

**Index No.:** 705493/2026

**ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION AND EMERGENCY RELIEF PURSUANT TO CPLR §§ 2221(e), 6301, 6311, 6313 AND ARTICLE 78**

# MANDATORY PRIOR APPLICATION DISCLOSURE (CPLR § 2217(b))

**PETITIONER ATIF KHAN hereby explicitly discloses to the Court as follows:**

1. **Prior Application:** A prior application for the same or similar emergency relief requested herein was submitted to this Court on June 25, 2026.
2. **Court's Current Status Notation:** The Court declined to sign the proposed order, noting that "*Movant has failed to demonstrate sufficient grounds to warrant the relief sought.*"
3. **Factual Grounds Mandating Renewal (CPLR § 2221(e)):** This application is brought pursuant to CPLR § 2221(e) for leave to renew based upon material, highly egregious facts and irrefutable written admission evidence that occurred *after* the initial filing and were entirely unavailable to the Court during its prior review. These new facts conclusively cure the "grounds" defect by documenting that the lower court infrastructure has physically locked out the Petitioner from the administrative judicial process while the opposing party retains total access:

   - **The June 29, 2026 Criminal Complaint:** Petitioner formally filed an Article 175 Tampering with Public Records complaint with the NYPD 103rd Precinct **(Exhibit E)** detailing the creation of fabricated judicial appearances by the Respondents.
   - **The July 6, 2026 In-Person Window Blockage:** Lower court clerical supervisors explicitly refused to accept or file Petitioner's physical Recusal Motions in person.

Queens County Clerk's Office
Paym 3096583 07/13/2026 2:49p
Cashier YMUHAMMA Register # 1

| | |
|---|---|
| Tr.3863471 | $45.00 |
| Documents Pay At Court E-file | |
| 705493/2026 | |
| OSC | |
| Total: | $45.00 |
| Cash | $100.00 |
| Change: | $55.00 |

- **The July 7, 2026 Interception of Federal Mail:** Following the window blockage, lower court personnel opened, inspected, and actively tampered with United States Mail to block legal processes. As documented by concurrent USPS tracking logs (**Exhibits B and C**), an envelope sent to Part 28 was processed normally, while an identical envelope bearing the exact same address containing the Recusal Motion for Respondent Referee Cajuste (Part 43) was intercepted, held for 7 hours, and fraudulently stamped "Insufficient Address" to force a return-to-sender action.
- **The July 9, 2026 Written Service Admissions:** As set forth in formal electronic mail correspondence from Proskauer counsel Sarah A. Emmerich, Esq. (**Exhibit H**), the opposing party explicitly placed on the record their successful receipt and review of the July 6, 2026 motion. This admissions record conclusively disproves the court mailroom's "Insufficient Address" designation and confirms a targeted, extrajudicial effort by court personnel to block the filing from entering the tracking docket.
- **The July 9, 2026 Public Corruption Escalation:** Petitioner filed a formal escalation with Assistant District Attorney (ADA) King of the Queens County District Attorney's Public Corruption Bureau (DITS: 17260118; **Exhibit G**) establishing that the civil administrative remedies outlined in the Bureau Chief's June 1, 2026 directive (**Exhibit F**) have utterly failed due to systemic administrative evasion.

# ORDER TO SHOW CAUSE

Upon reading and filing the annexed Supplemental Affirmation of Atif Khan, dated July 8, 2026 (**Exhibit G**), the original Verified Petition filed on June 25, 2026, the written admissions of service dated July 9, 2026 (**Exhibit H**), the supporting exhibits annexed thereto, and upon all the prior pleadings and proceedings had herein,

**LET THE RESPONDENTS**, Hon. Quynda L. Santacroce and Family Court Referee Esther Cajuste, or their counsel, **SHOW CAUSE** before this Court, at a regular term thereof, located at the Queens County Courthouse, 88-11 Sutphin Boulevard, Jamaica, New York 11435, in Part ____, on the _____ day of _________________, 2026, at _______ o'clock in the ________ noon of that day, or as soon thereafter as counsel can be heard, **WHY AN ORDER SHOULD NOT BE ENTERED:**

1. **PURSUANT TO CPLR ARTICLE 78 & CPLR § 6301:** Granting a Preliminary Injunction staying, vacating, or annulling the Family Court Temporary Order of Protection issued under (Order No. O-213427-25) on June 18, 2026, and any extensions thereof, pending the final judicial determination of this Article 78 proceeding.
2. **PURSUANT TO CPLR § 3025(b) & CPLR § 2221(e):** Granting Petitioner leave to renew his prior application and supplement the Article 78 record to incorporate the definitive mail interception timeline, the opposing counsel's written service admissions,

and official law enforcement corruption complaints occurring between June 25, 2026, and July 13, 2026.

3. **PURSUANT TO CPLR § 7804(e):** Directing Respondents to serve and file a complete, un-redacted certified copy of the underlying Family Court record, including clerk intake logs, physical and electronic motion tracking history, courtroom audio recordings, and computer dockets for File No. 238338.
4. **PURSUANT TO CPLR § 2302(b):** Compelling the Family Court to rule upon, process, and issue Petitioner's timely filed judicial subpoenas and Subpoenas Duces Tecum which have remained unaddressed despite service upon opposing counsel.
5. Granting such other, further, and different relief as this Court deems just, proper, and equitable.

# TEMPORARY RESTRAINING ORDER (CPLR § 6313)

**SUFFICIENT REASON APPEARING THEREFORE,** and the Petitioner having demonstrated unique, uncontroverted grounds that show immediate and irreparable injury will result before this matter can be heard on notice—namely, that the lower court infrastructure has actively tampered with court dockets and mail operations to prevent a pro se litigant from filing papers while opposing counsel openly acknowledges receipt of those same documents—and the Petitioner having established that **the cumulative extrajudicial practices of the Respondents have made it impossible for Petitioner to mount a proper defense, engage in lawful motion practice, submit foundational evidence, or maintain an uninhibited oral argument before the court, it is hereby:**

- **ORDERED,** that pending the hearing and final determination of this motion, Respondents, their agents, assistants, clerks, and any court personnel or mailroom supervisors operating within the Queens County Family Court infrastructure, are **TEMPORARILY RESTRAINED AND ENJOINED** from enforcing, renewing, or modifying the Family Court Temporary Order of Protection dated June 18, 2026 (Order No. O-213427-25), which represents an impermissible attempt to retroactively cure a profoundly defective, extrajudicial temporary order of protection; and it is further
- **ORDERED,** that pending the hearing of this motion, Respondents and all court clerical staff are **TEMPORARILY RESTRAINED AND ENJOINED** from intercepting, rejecting, blocking, refusing to stamp, or returning to sender any legal motions or correspondence submitted by the Petitioner Pro Se, whether presented physically in person or dispatched via the United States Postal Service (USPS); and it is further
- **ORDERED,** that Respondents shall take no further action on any hearing date or summons not previously disclosed to and confirmed with Petitioner, including the self-contradictory Order/Summons dated November 7, 2025, and the June 18, 2026 ex-parte order issued in absentia of the Petitioner, pending the hearing of this motion; and it is further
- **ORDERED,** that Respondents and court personnel shall preserve, and shall not alter, amend, delete, or destroy, any docket entries, electronic filing logs, clerk intake records,

mail receipts, native digital assets, metadata change histories, or internal system communications relating to Petitioner's filings or appearances, pending further Order of this Court.

# STATUTORY AND FACTUAL REASONING FOR EMERGENCY RELIEF

Petitioner respectfully moves this Court for immediate emergency relief and a preliminary injunction based on the following specific, interconnected counts of extrajudicial conduct and violations of ministerial duties by Respondents, which actively compromise the due process integrity of the permanent state public record:

## 1. Issuance of a Void Ex Parte Order Devoid of Statutory Basis

- **THE ORIGINAL TEMPORARY ORDER OF PROTECTION (Order No. O-213427-25) WAS ISSUED ENTIRELY EX PARTE, WITHOUT ANY UNDERLYING INCIDENT, DOCUMENTED URGENCY, MEANINGFUL HEARING, REQUISITE PROBABLE CAUSE FINDING, OR CONSTITUTIONAL NOTICE TO PETITIONER.**
- This threshold jurisdictional defect violates the explicit strictures of Family Court Act (FCA) § 828 and the Due Process Clauses of the New York State and United States Constitutions. Under settled New York law, a protective order cannot stand as a strategic instrument deployed to restrict liberty in an absolute evidentiary vacuum.

## 2. Complete Vacatur and Collateral Estoppel of Underlying Allegations

- **THE ANCILLARY UNDERLYING TRACK FROM QUEENS CRIMINAL COURT (DOCKET NO. CR-043139-24QN) NO LONGER EXISTS, HAVING BEEN FULLY VACATED AND DISMISSED ON THE MERITS IN FAVOR OF PETITIONER ATIF KHAN.**
- The criminal court judgment formally struck the prosecution's certificates of compliance due to massive, toxic histories of hidden fabrication. The criminal court explicitly entered a binding judicial determination that the sole complaining witness, Huma Khan, is completely non-credible, having misused her public employment status to manipulate law enforcement staff through deliberate lies, ruses, and premeditated subterfuge to execute immigration fraud.
- Under the doctrines of *res judicata* and collateral estoppel, a complainant whose core credibility has been shattered within the four corners of a coordinate track is legally barred from maintaining an identical, duplicative, and uncorroborated narrative to harass the Petitioner in Family Court.

## 3. Fraudulent and Inaccurate Alteration of Historic Court Dockets

- **RESPONDENTS HAVE ENGAGED IN THE INACCURATE, SPECIFIC ALTERATION OF THE ORIGINAL NOVEMBER 7, 2025 ORDER TO SURGICALLY MANUFACTURE A PROCEDURAL HISTORY THAT NEVER OCCURRED.**
- To launder and conceal the extrajudicial nature of the initial order, the subject issued a conflicting order dated May 22, 2026, which falsely asserts on its face that both Huma Khan and Petitioner Atif Khan "appeared without counsel on November 7, 2025."
- Petitioner unequivocally affirms under penalty of perjury that he was completely absent from court on November 7, 2025, and was never given notice or an opportunity to be heard. This deliberate creation of a retroactive procedural fiction violates N.Y. Penal Law Article 175 and constitutes fraud upon the court.

## 4. Manufacturing of Additional Fictional Judicial Appearances

- **DURING THE JUNE 18, 2026 TRIAL HEARING, RESPONDENTS ATTEMPTED TO RE-LAUNDER THE DOCKET BY INVENTING ANOTHER ENTIRELY FICTIONAL CONCURRENT HEARING ALLEGING TO HAVE OCCURRED ON OCTOBER 25, 2025.**
- Referee Cajuste falsely asserted on the official record that the Petitioner was physically present on October 25, 2025, and that he "personally requested the November 7, 2025 hearing date."
- No such October 25, 2025 appearance ever took place. The true records reveal that the underlying family offense petition was not even entered into the court system until October 28, 2025, completely exposing the physical and logical impossibility of the court's fabricated historical narrative.

## 5. Systematic Obstruction of Non-Discretionary Ministerial Functions

- **RESPONDENTS AND ASSOCIATED CLERICAL STAFF HAVE ENGAGED IN A DELIBERATE, UNCONSTITUTIONAL CAMPAIGN TO OBSTRUCT MANDATORY MINISTERIAL FUNCTIONS OVER WHICH THEY POSSESS ABSOLUTELY ZERO POWER OF JUDICIAL DISCRETION.**
- Clerical staff members routinely abuse their positions by dumping, concealing, or refusing to accept or docket legally executed motions, stamped filings, and compulsory subpoenas. While judicial immunity shields discretionary adjudicative acts, it provides no protection for the bad-faith, intentional manipulation of mandatory ministerial operations.
- A court clerk or referee has a strict, non-discretionary ministerial duty to accept and file submissions; they possess no legal capacity to act as a gatekeeper to rule on motions at the window or block a pro se litigant's right to build a record for review.

## 6. Manipulation and Sabotage of Federal United States Mail

- **FOLLOWING THE CLERK WINDOW OBSTRUCTION ON JULY 6, 2026, RESPONDENTS AND INTERNALLY CONTROLLED INFRASTRUCTURE ENGAGED IN THE STRATEGIC WEAPONIZATION AND MANIPULATION OF THE UNITED STATES POSTAL SERVICE (USPS).**
- To circumvent the physical window blockage, Petitioner mailed two identical, un-designated Priority Mail envelopes to the courthouse building via a controlled procedural trap.
- The envelope containing papers for Part 28 was successfully processed and delivered at 12:06 PM on July 7, 2026 (**Exhibit B**). Conversely, the identical envelope destined for Part 43 (containing the Motion for Recusal of Referee Cajuste) was intercepted by facility personnel, opened to review the internal content, held for seven hours, and finally flagged with a fraudulent "Insufficient Address" return-to-sender alert at 7:00 PM (**Exhibit C**).
- The fact that Proskauer counsel Sarah A. Emmerich, Esq. explicitly acknowledged receipt and service of this motion on July 9, 2026 (**Exhibit H**), conclusively exposes the court mailroom's "Insufficient Address" stamp as an intentional, fraudulent administrative fabrication designed solely to suppress the motion practice from the court file.

# SERVICE AND BRIEFING SCHEDULE

**ORDERED**, that service of a copy of this Order to Show Cause, along with the papers upon which it is based, upon the Respondents and the Office of Court Administration (OCA) at ________________________________________, on or before the _____ day of ________________, 2026, by Personal Delivery pursuant to CPLR § 307 Certified Mail, be deemed good and sufficient service thereof; and it is further

**ORDERED**, that answering affidavits, cross-motions, or return papers, if any, shall be served upon the Petitioner Pro Se on or before the _____ day of ________________, 2026; and reply papers, if any, shall be served on or before the _____ day of ________________, 2026.

**ENTER:**

**J. S. C.**

# SUPREME COURT OF THE STATE OF NEW YORK

# COUNTY OF QUEENS

In the Matter of the Application of

**ATIF KHAN,**
Petitioner,

-against-

**HON. QUYNDA L. SANTACROCE,** Family Court Judge, and
**ESTHER CAJUSTE,** Family Court Referee,
Respondents.

**Index No.:** 705493/2026

**PETITIONER'S SWORN AFFIRMATION IN SUPPORT OF LEAVE TO RENEW PURSUANT TO CPLR § 2221(e)**

I, ATIF KHAN, pursuant to CPLR § 2106, affirm the following statements to be true under the penalties of perjury:

1. I am the Petitioner appearing *pro se* in this Article 78 proceeding. As such, I am fully familiar with the facts, material timeline, and procedural history detailed herein.
2. I submit this Sworn Affirmation in support of my revised application for an Order to Show Cause, seeking Leave to Renew pursuant to CPLR § 2221(e), a Preliminary Injunction under CPLR § 6301, and Temporary Restraining Orders under CPLR § 6313.
3. This application explicitly addresses the notation made on my prior June 25, 2026 application stating that I *"failed to demonstrate sufficient grounds to warrant the relief sought."*
4. This renewal introduces critical, highly egregious factual developments and objective documentation that occurred *after* the court's prior review. This fresh evidence demonstrates that the lower court infrastructure has weaponized its administrative and mailroom functions to physically block my access to justice, thereby satisfying the statutory requirement of irreparable injury.

## The Material, Newly Arising Factual Records

1. **Exhaustion of Remedies:** Pursuant to the June 1, 2026 directive from Public Corruption Bureau Chief Bradley T. King (**Exhibit F**), I diligently pursued all civil administrative channels by submitting formal complaints to Administrative Judge Anne-Marie Jolly on June 5, 2026, and the NYPD Internal Affairs Bureau on June 30, 2026. Both entities completely failed to respond or act, leaving me in an administrative vacuum (**Exhibit G**).

2. **Falsification of Judicial History:** On June 29, 2026, I filed a formal complaint with the NYPD 103rd Precinct (**Exhibit E**) for Tampering with Public Records. This complaint targets Respondent Referee Cajuste's generation of two conflicting orders dated November 7, 2025, which fraudulently manufactured a historical hearing and appearance by me that physically never occurred to retroactively "cure" a void *ex parte* protective order. At the hearing on June 18, 2026, the Respondents further corrupted the record by inventing another fictional hearing dated October 25, 2025, which logically could not exist as the underlying family offense petition was not filed until October 28, 2025.
3. **Physical Window Obstruction:** On July 6, 2026, lower court clerical supervisors acting under the explicit directives of the Respondents flatly refused to accept, file, or stamp my physical Motion for Recusal at the courthouse filing window.
4. **Interception and Sabotage of Federal Mail:** To circumvent this gatekeeping, I dispatched a controlled procedural trap on July 6, 2026, mailing two parallel, identical Priority Mail envelopes to the courthouse building via the USPS (**Exhibit A, Exhibit D**).
5. The envelope containing papers for Part 28 was delivered and processed normally at 12:06 PM on July 7, 2026 (**Exhibit B**). Conversely, the identical envelope containing my Motion for Recusal destined for Part 43 (Referee Cajuste) was intercepted, opened, held for seven hours, and finally flagged with a fraudulent "Insufficient Address" return-to-sender alert at 7:00 PM (**Exhibit C**).
6. **Irrefutable Proof of Service Admissions:** On July 9, 2026, opposing counsel Sarah A. Emmerich, Esq. of Proskauer transmitted a formal email to the court explicitly placing on the record her successful receipt and review of that exact July 6, 2026 motion (**Exhibit H**).
7. Counsel's written admission conclusively strips away the court mailroom's pretextual "Insufficient Address" justification. It establishes absolute proof that while the document was successfully delivered and served upon the adverse party, lower court personnel engaged in the extrajudicial practice of mail manipulation to block the filing from entering the permanent record.

## Irreparable Harm and Balance of Equities

1. These public officer offenses make it a mathematical and legal impossibility for me to mount a proper defense, engage in motion practice, or present debunked criminal track exonerations (**Exhibit F, Exhibit G**) to a neutral arbiter. The lower court has effectively stripped away my constitutional right to due process through extrajudicial, bad-faith ministerial obstruction.
2. No prejudice will result to the Respondents or the adverse party by granting a brief temporary restraint to preserve the status quo, whereas my exclusion from the court system under a void protective order constitutes severe, continuous, and irreparable constitutional injury.

**WHEREFORE,** Petitioner respectfully requests that this Court grant leave to renew, sign the accompanying Order to Show Cause, execute the requested Temporary Restraining Orders to halt further lower court proceedings and mail tampering, and grant such other relief as is just and proper.

Dated: July 13, 2026
Queens, New York

**ATIF KHAN, Petitioner Pro Se**

SWORN TO (OR AFFIRMED) BEFORE ME ON
THIS 13th DAY OF July 2026

NOTARY PUBLIC

KATHERINE A. MARMOL
Notary Public - State of New York
No. 04MA0030060
Qualified in Queens County
Commission Expires October 23, 2028

# TABLE OF EXHIBITS (SUPPLEMENTAL RECORD)

| Exhibit Label | Document Title / Description | Specific Date | Proof Established & Legal Relevance |
|---|---|---|---|
| EXHIBIT A | Photographic Copy of Standardized Priority Mail Envelopes | July 6, 2026 | Establishes that both packages bore identical building addresses with no external court part or referee designations visible prior to opening. |
| EXHIBIT B | USPS Tracking History Log (Tracking No. 9505513677266187517807) | July 7, 2026 | Proves successful delivery, acceptance, and processing by the court mailroom at 12:06 PM for motions destined for Part 28. |
| EXHIBIT C | USPS Tracking History Log (Tracking No. 9505513677286187019002) | July 7, 2026 | Proves that the parallel package containing the recusal motion for Part 43 (Referee Cajuste) was intercepted, held for 7 hours, and fraudulently flagged as "Insufficient Address" at 7:00 PM. |
| EXHIBIT D | Official USPS Cashier Purchase Receipts | July 6, 2026 | Links timestamps (3:00 PM and 3:07 PM) to tracking histories, proving simultaneous mailroom delivery and systematic, targeted exclusion of Part 43 motions. |

| | | | |
|---|---|---|---|
| **EXHIBIT E** | Formal Criminal Complaint to the NYPD 103rd Precinct & Shield Card | June 29, 2026 | Establishes formal N.Y. PL Article 175 complaint submission against Referee Cajuste and identifies PO Schultz (Shield 15957). |
| **EXHIBIT F** | Queens County District Attorney Public Corruption Bureau Letter | June 1, 2026 | Formal directive from Bureau Chief King (DITS: 17260118) ordering exhaustion of civil remedies with Judge Jolly and NYPD IAB. |
| **EXHIBIT G** | Formal Escalation Complaint to Queens DA Public Corruption Bureau / Sworn Affirmation | July 9, 2026 | Proves immediate reporting of federal mail crimes (18 U.S.C. §§ 1701, 1702) to ADA King following civil channel failure; incorporates the certified 16-page verification timeline. |
| **EXHIBIT H** | Proskauer Counsel Emails & Written Admissions of Service | July 9, 2026 | Explicit legal admission by Sarah Emmerich, Esq. confirming receipt and review of the July 6 motion, destroying the court's fraudulent "Insufficient Address" justification. |

# Exhibit A


UNITED STATES POSTAL SERVICE®
PRIORITY® MAIL
PRESS FIRMLY TO SEAL
Expected delivery date specified for domestic use.
Domestic shipments include $100 of insurance (restrictions apply).*
USPS Tracking® service included for domestic and many international destinations.
Limited international insurance.**
When used internationally, a customs declaration form is required.
SHIPPING ENVELOPE
FOR DOMESTIC AND INTERNATIONAL USE
FROM:
TO:
151-20
USPS.COM/PICKUP
TRACKED ■ INSURED
PS00000133100
EP14 December 2024
OD: 15 x 11.625
VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE


UNITED STATES
POSTAL SERVICE ®
IORITY®
MAIL
SHIPPING ENVELOPE
FOR DOMESTIC AND INTERNATIONAL USE
FROM:
ATIF
Hollis, NY 11423
TO:
Queen Family Court
151-20 Jamaica, Av
Jamaica, NY, 11432
TRACKED ■ INSURED
PS00000133100
PLASTIC
VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE

# Exhibit B

10:09
◀ Photos

tools.usps.com

ALERT: IMPACTS FROM THE WORLD SOCCER T...

# USPS Tracking®

FAQs > >

**Tracking Number:**

Remove ✕

**9505513677266187517807**

Copy   Add to Informed Delivery

## Latest Update

Your item was delivered to the front desk, reception area, or mail room at 12:06 pm on July 7, 2026 in JAMAICA, NY 11432.

**Get More Out of USPS Tracking:**

**USPS Tracking Plus®**

## Delivered

**Delivered, Front Desk/Reception/Mail Room**

JAMAICA, NY 11432
July 7, 2026 12:06 PM

**See All Tracking History**

**What Do USPS Tracking Statuses Mean?**

56

# Exhibit C

10:13 53

tools.usps.com

ALERT: IMPACTS FROM THE WORLD SOCCER T...

# USPS Tracking®

FAQs > >

**Tracking Number:**

Remove ✕

**9505513677286187019002**

Copy Add to Informed Delivery

## Latest Update

Your item was returned to the sender on July 7, 2026 at 7:00 pm in JAMAICA, NY 11432 because of an incomplete address.

**Get More Out of USPS Tracking:**

**USPS Tracking Plus®**

## Alert

**Insufficient Address**

JAMAICA, NY 11432
July 7, 2026 7:00 PM

**Delivered, Front Desk/Reception/Mail Room**

JAMAICA, NY 11432
July 7, 2026 12:07 PM

**See All Tracking History**

**What Do USPS Tracking Statuses Mean?**

# Exhibit D

UNITED STATES
POSTAL SERVICE.

JAMAICA
8840 164TH ST
JAMAICA, NY 11432-9998
www.usps.com

07/06/2026 03:00 PM

TRACKING NUMBERS
9505 5136 7728 6187 0190 02

TRACK STATUS OF ITEMS WITH THIS CODE
(UP TO 25 ITEMS)

TRACK STATUS BY TEXT MESSAGE
Send tracking number to 28777 (2USPS)
Standard message and data rates may apply

TRACK STATUS ONLINE
Visit https://www.usps.com/tracking
Text and e-mail alerts available

PURCHASE DETAILS

| Product | Qty | Unit Price | Price |
|---|---|---|---|
| Priority Mail® | 1 | | $11.00 |
| Jamaica, NY 11432<br>Weight: 0 lb 14.40 oz<br>Expected Delivery Date<br>Wed 07/08/2026<br>Tracking #:<br>9505 5136 7728 6187 0190 02 | | | |
| Insurance<br>Up to $100.00 included | | | $0.00 |
| Total | | | $11.00 |

Grand Total: $11.00

Cash $11.00

TO REPORT AN ISSUE
Visit https://emailus.usps.com

All hazardous labels/markings on reused boxes MUST be completely removed/obliterated if they no longer match the contents.

TO FILE AN INSURANCE CLAIM
Visit https://www.usps.com/help/claims.htm

PREVIEW YOUR MAIL AND PACKAGES
Sign up for FREE at
https://informeddelivery.usps.com

Looking for a new opportunity? Join a team that delivers! The Postal Service is actively hiring for full and part-time positions. To learn more visit us at www.usps.com/careers

All sales final on stamps and postage. Refunds for guaranteed services only. Thank you for your business.

Customer Service
1-800-ASK-USPS
(1-800-275-8777)
Agents do not have any additional information other than what is provided on USPS.com.

UNITED STATES
POSTAL SERVICE.

JAMAICA
8840 164TH ST
JAMAICA, NY 11432-9998
www.usps.com

07/06/2026 03:10 PM

TRACKING NUMBERS
9505 5136 7726 6187 5178 07

TRACK STATUS OF ITEMS WITH THIS CODE
(UP TO 25 ITEMS)

TRACK STATUS BY TEXT MESSAGE
Send tracking number to 28777 (2USPS)
Standard message and data rates may apply

TRACK STATUS ONLINE
Visit https://www.usps.com/tracking
Text and e-mail alerts available

PURCHASE DETAILS

| Product | Qty | Unit Price | Price |
|---|---|---|---|
| Priority Mail® | 1 | | $11.00 |
| Jamaica, NY 11432<br>Weight: 0 lb 2.40 oz<br>Expected Delivery Date<br>Wed 07/08/2026<br>Tracking #:<br>9505 5136 7726 6187 5178 07 | | | |
| Insurance<br>Up to $100.00 included | | | $0.00 |
| Total | | | $11.00 |

Grand Total: $11.00

Cash $20.00
Change -$9.00

TO REPORT AN ISSUE
Visit https://emailus.usps.com

All hazardous labels/markings on reused boxes MUST be completely removed/obliterated if they no longer match the contents.

TO FILE AN INSURANCE CLAIM
Visit https://www.usps.com/help/claims.htm

PREVIEW YOUR MAIL AND PACKAGES
Sign up for FREE at
https://informeddelivery.usps.com

Looking for a new opportunity? Join a team that delivers! The Postal Service is actively hiring for full and part-time positions. To learn more visit us at www.usps.com/careers

All sales final on stamps and postage. Refunds for guaranteed services only. Thank you for your business.

Customer Service
1-800-ASK-USPS
(1-800-275-8777)
Agents do not have any additional information other than what is provided on USPS.com.

# Exhibit E

**DATE:** June 29, 2026

**New York City Police Department**
**Attn: Commanding Officer / Precinct Detective Squad**
**103rd Precinct**

**Subject:** Esther Cajuste, Court Attorney Referee (Queens Family Court)

**Affected Case/File Reference:** Queens Family Court Docket No. O-21347-25
Supreme Court Article 78 Reference: Index No. Index No. 705493/2026
NYC Comptroller Claim Reference: Claim No. 2026PI01742

**Dear Commanding Officer:**
I am writing to file a formal criminal complaint and request an immediate investigation into the actions of Court Attorney Referee Esther Cajuste, operating out of Queens Family Court. I am a pro se (self-represented) litigant in the underlying Queens Family Court proceedings, the pending Supreme Court Article 78 action, and the active claim currently pending with the New York City Office of the Comptroller. This complaint is submitted directly to the 103rd Precinct as the local law enforcement authority holding geographical jurisdiction over criminal offenses originating within government facilities in Jamaica, Queens.

This report concerns documented violations of **New York Penal Law Article 175 (Offenses Involving False Written Statements)**. As a self-represented individual, I have personally maintained and audited my case records. The physical evidence in my possession indicates that the subject has knowingly generated, or caused to be generated, false entries within official court dockets and uttered fraudulent instruments that directly compromise the legal integrity of public state records.

## Specific Evidentiary Discrepancies

Central to this complaint are two distinct, mutually conflicting court orders issued under the subject's authority, both bearing the date of November 7, 2025 (attached hereto). A physical review of these concurrent documents demonstrates irreconcilable inconsistencies that go beyond administrative error. The data indicates a deliberate effort to manipulate the true procedural history of the case to retroactively justify or conceal prior unlawful court actions.
Crucially, these conflicting records were directly utilized to issue *ex parte* temporary orders of protection against me. This deployment of conflicting instruments demonstrates a severe misuse of judicial authority to place restrictions on my liberty without due process, exposing me to immediate legal injury and potential wrongful enforcement action based on corrupted records.
The specific actions requiring criminal review under N.Y. Penal Law include:

- **Falsification of Public Records:** Creating fabricated hearing dates, appearance timelines, and judicial histories within the court's official electronic docket logs.

- **Offering a False Instrument for Filing:** Issuing, publishing, and entering contradictory and false statements into binding state documents with the knowledge that they would become part of a permanent public record.
- **Tampering with Public Records:** Intentionally altering, concealing, or misrepresenting historical case data to manipulate the outcome of ongoing legal proceedings and improperly secure *ex parte* emergency orders.

## Statutory Violations Cited

Based on the attached documentation, I request that the 103rd Precinct open an official investigation to determine if the subject's conduct constitutes actionable violations under the following state statutes:

1. **N.Y. Penal Law § 175.20 / § 175.25** – Tampering with Public Records
2. **N.Y. Penal Law § 175.30 / § 175.35** – Offering a False Instrument for Filing

## Request for Investigative Action & Evidence Preservation

I request that a detective from your squad be assigned to investigate this matter, and that your command open a **Complaint Report (UF-61)** to establish a permanent criminal complaint history. Because I am representing myself across all associated civil, supreme, and administrative actions, please route all notifications and updates regarding this investigation directly to me at the contact information below.

Furthermore, I formally request that your office issue a demand to the New York State Unified Court System to preserve all native digital assets associated with this file, including electronic audit logs, metadata change histories, internal system communications, and docket modification records linked to the handling of this specific case file.

Attached are the conflicting orders and the resulting *ex parte* orders, submitted as evidence to your precinct's assigned investigator. Please confirm receipt of this complaint, provide me with my copy of the **UF-61 Complaint Report**, and advise me of the designated Complaint Number.
Respectfully submitted,

**Atif Khan (Pro Se Litigant)**

**Enclosures:**

1. Copy of Conflicting Queens Family Court Order A, dated May 22, 2026.
2. Copy of Conflicting Queens Family Court Order B, dated November 7, 2025.
3. Copy of Temporary Ex Parte Order(s) of Protection issued November 7, 2025.

**NYPD**

New York City Police Department

POLICE OFFICER SCHULTZ

Shield Number 15957

Command

# Exhibit F

**QUEENS COUNTY DISTRICT ATTORNEY**
125-01 QUEENS BOULEVARD
KEW GARDENS, NEW YORK 11415-1568

MELINDA KATZ
DISTRICT ATTORNEY

718.286.6000
WWW.QUEENSDA.ORG

June 1, 2026
DITS: 17260118

Atif A. Khan
88-08 197th Street
Apartment 3H
Hollis, NY 11423

Dear Mr. Khan:

I have reviewed your March 18, 2026, Intake Form and related documents concerning your allegations with respect to Queens County Family Court Referee Esther Cajuste and Attorney Whitney Hood in connection with a pending Family Court matter, *In re Khan*, Docket No. O-21347-25. I have also reviewed your Complaint concerning New York City Police Department ("NYPD") Police Officer Brittany Arena. I write to inform you that this Office will not be pursuing criminal charges in either of these matters.

Your allegations concerning the conduct of Referee Cajuste and Attorney Hood are civil in nature and are an insufficient basis for a criminal prosecution. Instead, you may wish to file a complaint concerning your allegations regarding Referee Cajuste's alleged conduct with the Honorable Anne-Marie Jolly, the Administrative Judge who handles complaints against Queens County Family Court Referees. Judge Jolly's contact information is:

Hon. Anne-Marie Jolly
New York County Family Court
60 Lafayette Street
New York, NY 10013
Phone: (646) 386-5190

As to your allegations concerning Attorney Hood's conduct in the above-referenced Family Court matter, you may wish to bring your Complaint to the attention of the Attorney Grievance Committee, which can be reached at:

State of New York
Grievance Committee for the Second, Eleventh & Thirteenth Judicial Districts
Renaissance Plaza
335 Adams Street, Suite 2400
Brooklyn, New York 11201-3745

(718) 923-6300
ad2-grv2@nycourts.gov

To the extent that you believe that Referee Cajuste made an error in adjudicating your case or that Attorney Hood's conduct prejudiced you in the above-referenced Family Court matter, you may wish to retain legal counsel to determine whether there are civil remedies available to you. If you are looking to retain an attorney, you may contact the Queens County Bar Association at (718) 291-4500 for assistance. If you are unable to afford an attorney, I suggest that you contact the Legal Aid Society of Queens at (718) 286-2450 or Queens Legal Services at (347) 592-2200.

As to Police Officer Arena, you should direct your complaint to the NYPD's Internal Affairs Bureau, which can be reached at (212) 741-8401 or IAB@NYPD.org. You may also wish to direct your complaint to the New York City Civilian Complaint Review Board at (800) 341-2272 or via online Complaint Form at https://www.nyc.gov/site/ccrb/complaints/file-a-complaint/file-online.page.

Thank you for contacting our Office regarding these matters. We will keep your correspondence on file for future reference.

Best Regards,

/s/Bradley T. King
Bradley T. King
Assistant District Attorney
Chief, Public Corruption Bureau
Queens District Attorney's Office

# Exhibit G

**From:** Atif A K 1dr.atif@gmail.com
**Subject:** Re: [EXTERNAL] Request for Review of Apparent Misrepresentation of Court Filings, Service Records, and Procedural Obstruction in Queens Family Court
**Date:** July 9, 2026 at 11:10 AM
**To:** Public Corruption Bureau PublicCorruption@queensda.org

AK

**Subject:** Urgent Update: Escalation to Criminal Conduct and Failure of Civil Remedies — DITS: 17260118

Dear ADA King,

I am writing to provide a formal and comprehensive status update following your June 1, 2026, correspondence regarding my complaints with the Public Corruption Bureau. Per your specific directives, I diligently pursued the civil and administrative remedies outlined in your letter. However, those channels have completely failed to provide oversight, and the situation has escalated into severe criminal conduct requiring immediate intervention from your office.

First, per your recommendation, I submitted a comprehensive administrative complaint regarding Referee Esther Cajuste's falsification of records to Administrative Judge Anne-Marie Jolly on June 5, 2026. To date, Judge Jolly has completely failed to respond. Furthermore, on June 30, 2026, I formally emailed my complaint against PO Brittany Arena to the NYPD Internal Affairs Bureau (IAB), copying your office. It has now been 9 days since that transmission, and IAB has completely failed to provide any response, case log, or acknowledgment of receipt.

Because the civil remedies you suggested did not work, the lower court infrastructure has used this administrative vacuum to engage in active criminal offenses designed to destroy my due process rights as a *pro se* litigant:

- **103rd Precinct Refusal to File:** I went to the 103rd Precinct to file a formal criminal complaint against Family Court Referee Esther Cajuste for the strategic falsification of court records. PO Schultz flatly refused to process or accept my criminal complaint, leaving me with zero local law enforcement recourse against a public official.
- **Escalation to Federal Mail Crimes:** Following this precinct blockage, lower court personnel acting under Referee Cajuste's instructions actively blocked my physical recusal motions at the clerk's window. To circumvent this, I dropped two identical generic envelopes into the mail sequentially within a seven-minute window on July 6, 2026 (at 3:00 PM and 3:07 PM). The envelope containing papers for Part 28 was successfully delivered, while the envelope destined for Part 43 (Referee Cajuste) was intentionally intercepted, opened, held for seven hours, and fraudulently flagged as "Insufficient Address" at 7:00 PM to be returned to sender—despite utilizing the identical building address.

The bad-faith opening, tampering, and interception of United States Mail to deliberately defeat legal process constitutes a federal crime under Title 18 of the United States Code (18 U.S.C. §§ 1701 and 1702). This is no longer a civil dispute over adjudicative errors; it is a coordinated pattern of public corruption, docket manipulation, and mail fraud.

I have formally established this entire criminal timeline on the public record under an active Supreme Court Article 78 proceeding. The Queens County Clerk officially processed and accepted my verified evidence yesterday afternoon, which I have attached to this email as a certified 16-page public record.

As itemized in the attached packet, this filing structurally incorporates four distinct exhibit categories reinforcing these claims:

- **EXHIBIT A**: A true copy of my June 30, 2026, formal email transmission to the NYPD Internal Affairs Bureau and your bureau.
- **EXHIBIT B**: A true copy of my June 5, 2026, formal email administrative complaint transmitted to Judge Jolly.
- **EXHIBIT C**: My documented statement regarding the encounter at the 103rd Precinct and PO Schultz's refusal to accept the report.
- **EXHIBIT D**: The official USPS tracking logs and physical cashier receipts proving the simultaneous mailing and selective interception of federal mail by Part 43 personnel.

Your administrative recommendations did not work because these individuals believe they are completely insulated from oversight. When confronted, Clerk Associate Supervisor "Chris" explicitly informed me that "the law doesn't apply to them". As Chief of the Public Corruption Bureau, you must now follow through and do the needful according to the book of law. I respectfully request that your bureau initiate a formal criminal investigation into this documented pattern of public officer corruption.

Respectfully submitted,

Atif A. Khan

A. Formal Complaint Against ... B. Administrative Complaint ... C. Cajuste complaint.pdf

Officer Brittany Arena Shield ... 63 KB | Referee Esther Cajuste Quee... | 3.4 MB

D. 705493_2026_In_the_Matte... 4.2 MB | ADA King.pdf 976 KB

On May 27, 2026, at 2:49PM, Public Corruption Bureau <PublicCorruption@queensda.org> wrote:

Dear Atif Khan,

This information has been forwarded to the Bureau Chief.

Thank you,

<image001.png>

Stephanie Wentz
Senior Paralegal
Public Corruption Bureau
Queens County District
Attorney's Office
80-02 Kew Gardens Road
Kew Gardens, NY 11415
Phone: (718) 286-6684
SAWentz@queensda.org

---

**From:** Atif A K <1dr.atif@gmail.com>
**Sent:** Wednesday, May 27, 2026 12:09 PM
**To:** Public Corruption Bureau <PublicCorruption@queensda.org>
**Subject:** Re: [EXTERNAL] Request for Review of Apparent Misrepresentation of Court Filings, Service Records, and Procedural Obstruction in Queens Family Court

***** External email: Use caution with links and attachments. *****

**Subject:** Urgent Follow-Up: Falsification of Court Records and now Documents – Queens Family Court Case (File #238338 / Docket #0-21347-25)

Dear Ms. Wentz,

I am writing as a follow-up to my previously submitted complaint to the Queens DA's Public Corruption Bureau.

The situation has become significantly more critical since I submitted the intake form. According to the latest court order (attached), dated May 22, 2026 and issued by Court Referee Esther Cajuste, the official records falsely state that both Huma Khan (Petitioner) and I (Respondent) appeared without counsel on November 7, 2025. This is inaccurate.

For clarity:

- The petition was filed on October 28, 2025 by Huma Khan through her attorney, Whitney Hood.
- The Temporary Order of Protection was issued on November 7, 2025 in my absence, without any hearing or a finding of probable cause.
- The November 7, 2025 Summons (also attached) directed me to appear on February 24, 2026 in response to that same petition.

These inconsistencies reflect not only the falsification of court records regarding appearances and counsel status, but also the creation of misleading court documents. This pattern seriously undermines the integrity of the judicial process and warrants immediate investigation.

I respectfully urge the assigned Assistant District Attorney to review this matter urgently. I am available to provide any additional documentation as needed.

Thank you for your attention to this serious matter.

Sincerely, Atif Khan

On May 26, 2026, at 1:03 PM, Public Corruption Bureau <PublicCorruption@queensda.org> wrote:

Dear Atif Khan,

Your completed complaint form has been received by the Queens DA's Public Corruption Bureau and will be assigned to an Assistant District Attorney for review.

Regards,

<image001.png> Stephanie Wentz
Senior Paralegal
Public Corruption Bureau
Queens County District
Attorney's Office

---

**From:** Atif A K <1dr.atif@gmail.com>
**Sent:** Monday, May 18, 2026 2:43 PM
**To:** Public Corruption Bureau <PublicCorruption@queensda.org>
**Subject:** Re: [EXTERNAL] Request for Review of Apparent Misrepresentation of Court Filings, Service Records, and Procedural Obstruction in Queens Family Court

***** External email: Use caution with links and attachments. *****

Dear Ms. Stephanie Wentz,

Thank you for your email and for confirming receipt of my complaint.

As requested, I have completed the complaint form and attached it to this email.

Please let me know if you require any additional information or documents.

Thank you for your assistance.

Respectfully, Atif Khan

On May 18, 2026, at 10:06 AM, Public Corruption Bureau wrote:

Dear Atif Khan,
The Public Corruption Bureau has received your email. Please fill out the attached complaint form so that an Assistant District Attorney can be assigned to review your complaint.
Regards,

Stephanie Wentz
Senior Paralegal
Public Corruption Bureau
Queens County District
Attorney's Office

---

**From:** Atif A K <1dr.atif@gmail.com>
**Sent:** Friday, May 15, 2026 5:53 PM
**To:** Public Corruption Bureau <PublicCorruption@queensda.org>
**Cc:** qfcpart43@nycourts.gov; QueensFamilyCourt <queensfamilycourt@nycourts.gov>; judiciary@cityhall.nyc.gov; Whitney Hood <whood@sffny.org>
**Subject:** [EXTERNAL] Request for Review of Apparent Misrepresentation of Court Filings, Service Records, and Procedural Obstruction in Queens Family Court

You don't often get email from 1dr.atif@gmail.com. Learn why this is important

***** External email: Use caution with links and attachments. *****

**CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe. Report suspected phishing emails with the Phish Alert Button or forward them tophish@oti.nyc.gov as an attachment.

To the Public Integrity Bureau:

I respectfully submit this complaint requesting review of apparent misconduct involving the handling and representation of court-filed documents in my matter pending in Queens Family Court.

My concern involves Referee Esther Cajuste and opposing counsel Whitney Hood, whose actions appear to have undermined the integrity of the judicial process by denying receipt of properly filed and served documents despite documentary proof.

The relevant facts are as follows:

• On November 13, 2025, I filed my motion with the Court and received a stamped copy confirming receipt by the clerk's office.

• The motion was electronically served upon opposing counsel prior to filing and was later personally served on February 3, 2026. I possess video evidence relating to that service.

• On February 24, 2026, I again personally served the motion papers on opposing counsel during court proceedings, and pursuant to the instruction of Referee Cajuste, filed the papers at the docket window the same day, receiving stamped confirmation from the Court.

• Despite these filings and service efforts, opposing counsel repeatedly denied receipt of the motion papers and denied service notwithstanding the Certificate/Affidavit of Service, court-stamped filings, electronic submission records, and video evidence.

• During subsequent proceedings, Referee Esther Cajuste represented that she had "never received" the motion filings despite the existence of stamped court records confirming filing.

• On May 15, 2026, after approximately six months of denying receipt of the two previously served and filed motions, opposing counsel abruptly acknowledged electronic service of the latest motion (3rd filed) filed on May 14, 2026, with pending Sheriff service necessitated by her prior false denials of ever being served, only after introducing new counsel into the matter in connection with the third motion filing. This sequence of events raises serious concerns regarding whether prior denials were intended to delay proceedings and create a misleading procedural record regarding service and motion practice.

The combination of these denials by both opposing counsel and the referee, despite objective proof of filing and service, creates the appearance of coordinated disregard, suppression, or misrepresentation concerning properly filed legal papers.

I filed written notice to correct the record and submitted supporting exhibits, but no corrective action or acknowledgment has been provided.

These circumstances raise serious concerns regarding:

• material misrepresentation concerning receipt of court-filed and served documents;

• possible coordinated obstruction of lawful motion practice;

• possible concealment or disregard of official court records;

• denial of procedural due process through refusal to consider timely filed motions; and

• prejudice to my ability to fully and fairly present my case.

I respectfully request that the Public Integrity Bureau review:

• whether court filings or service records were improperly disregarded or concealed;

• whether any public official knowingly made materially false representations regarding those filings;

• whether improper coordination occurred between court personnel and opposing counsel; and

• whether corrective action or referral is warranted.

Attached Exhibits:

• Exhibit A – Criminal Court Dismissal Decision (March 23, 2026)

• Exhibit B – First Motion to Dismiss (Stamped – November 17, 2025)

• Exhibit C – Second Motion to Dismiss (Stamped)

• Exhibit D – Family Court Petition

• Exhibit E – Copies of Motions Filed

• Exhibit F – Certificate of Service (February 4, 2026)

• Exhibit G – Temporary Orders of Protection (November 7, 2025 and February 24, 2026)

• Exhibit H – Subpoena (Witness)

• Exhibit I – Article 78 Petition Filing (Index No. 705493/2026)

• Exhibit J – CitiBank Account Modification Attempt / Notification

• Exhibit K – ACS Unfounded Report (April 10, 2025)

• Exhibit L – Service Acknowledgement after Five Months (May 15, 2026)

I submit this complaint in good faith and respectfully request confirmation of receipt and review.

Respectfully,

Atif Khan

****************************************************************************************************

This e-mail communication and any files transmitted with it contain privileged and confidential information from the Queens County District Attorney's Office and is intended solely for the use of the individual(s) or entity to whom it has been addressed. If you are not the intended recipient, you are hereby notified that any dissemination or copying of this e-mail is strictly prohibited. If you have received this e-mail in error, please delete it and notify the sender by return e-mail.
****************************************************************************************************

****************************************************************************************************

This e-mail communication and any files transmitted with it contain privileged and confidential information from the Queens County District Attorney's Office and is intended solely for the use of the individual(s) or entity to whom it has been addressed. If you are not the intended recipient, you are hereby notified that any dissemination or copying of this e-mail is strictly prohibited. If you have received this e-mail in error, please delete it and notify the sender by return e-mail.
****************************************************************************************************

****************************************************************************************************

This e-mail communication and any files transmitted with it contain privileged and confidential information from the Queens County District Attorney's Office and is intended solely for the use of the individual(s) or entity to whom it has been addressed. If you are not the intended recipient, you are hereby notified that any dissemination or copying of this e-mail is strictly prohibited. If you have received this e-mail in error, please delete it and notify the sender by return e-mail.
****************************************************************************************************

# Exhibit H

**From:** Atif A K 1dr.atif@gmail.com
**Subject:** Re: Khan v. Khan, Docket O-21347-25
**Date:** July 9, 2026 at 1:41 PM
**To:** Emmerich, Sarah A. SEmmerich@proskauer.com
**Cc:** QFCPART43 qfcpart43@nycourts.gov, Whitney Hood whood@sffny.org, Rumeld, Myron D. MRumeld@proskauer.com, Biana, Mikko J. MBiana@proskauer.com, Beckwith, Michael MBeckwith@proskauer.com, queensfamilycourt@nycourts.gov, manhattanfamilycourt@nycourts.gov, SFC PART 1 SFC-Part1@nycourts.gov
**Bcc:** judiciary@cityhall.nyc.gov

AK

---

Dear Sarah,

I am glad you have placed on the record your receipt of my July 6 Motion to Recuse. Thank you for making it a part of the case record. This is particularly important because Ref Cajuste has engaged in the continuous blocking of the respondent's motions practice—including the very motion you have just addressed.

None of the facts in that motion are repeated because most of them occurred during the June 18 2026 hearing. This is the first correspondence since, so nothing has been addressed earlier.

You already possess the exhibits from that hearing. Furthermore, those orders were issued ex parte with you, in my absence- including the next hearing dates that were confirmed without my knowledge or consent.

Thanks once again, for streamlining the case timeline.

Sincerely,

Atif Khan.

> On Jul 9, 2026, at 12:53 PM, Emmerich, Sarah A. <SEmmerich@proskauer.com> wrote:
>
> Dear Referee Cajuste:
>
> We write in response to Respondent's "Emergency Omnibus Motion" dated July 6, 2026, which was emailed, albeit without any of the referenced exhibits, to Counsel for Petitioner.
>
> Respondent's motion, while both meritless and baseless, raises arguments that have already been addressed through Petitioner's prior submissions and proceedings before the Court. Accordingly, Petitioner does not intend to submit a further response unless the Court requests one. Even without a substantive response, however, we note that we continue to have no objection to the assignment of Referee Esther B. Cajuste to this matter.
>
> Respectfully,
>
> Sarah Emmerich
> Counsel for Petitioner, Huma Khan
>
> **Sarah A. Emmerich**

Associate

Proskauer
Eleven Times Square
New York, NY 10036-8299
d 212.969.3045
f 212.969.2900
SEmmerich@proskauer.com

greenspaces
Please consider the environment before printing this email.

**************************************************************************************************************************************************
This message and its attachments are sent from a law firm and may contain information that is confidential and protected by privilege from disclosure.
If you are not the intended recipient, you are prohibited from printing, copying, forwarding or saving them.
Please delete the message and attachments without printing, copying, forwarding or saving them, and notify the sender immediately.
**************************************************************************************************************************************************

## AFFIDAVIT IN SUPPORT OF NOTIFICATION

**INSTRUCTIONS: FILL IN THE BOX BELOW AND THE INDEX NUMBER. COMPLETE THE BLANK SPACES PRINTED IN BOLD BELOW FOLLOWING THE DIRECTIONS PROVIDED. PRINT AND USE BLACK INK ONLY.**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

IN THE MATTER OF THE APPLICATION OF ---X

ATIF KHAN

**(Fill in Names)** **Plaintiff(s) /Petitioner(s)**

(FAMILY COURT JUDGE)
HON. QUYNDA L. SANTACROCE. **Index No.** 705493 **/20**26.
ESTHER CAJUSTE (FAMILY COURT REFEREE),

**[Fill in Names]** **Defendant (s) / Respondent (s)**

---X

STATE OF NEW YORK } SS: Queens.
COUNTY OF Queen } **[INSERT COUNTY WHERE SIGNED]**

ATIF KHAN **[YOUR NAME]**, being duly sworn, says:

1. I reside at 8808 197th St. Apt 3H Hollis, NY **[YOUR RESIDENCE]** in the County of Queens **[INSERT COUNTY OF RESIDENCE]** and State of New York.

2. I am about to commence a special proceeding or submit an order to show cause containing a stay and /or restraining order for **[BRIEFLY DESCRIBE THE REASONS WHY YOU WANT THE COURT TO GRANT YOUR REQUEST.]** The respondents have blocked all the modes of motion practice. They refused to file my in person motion on Aug 6, 2026 & maliciously returned my mailed motion on Aug 7, 2026. I have no access to family court anymore.

3. I have notified my opposition [ THE OTHER SIDE] to appear at the Ex Parte Office, Room 140 at the Courthouse, 88-11 Sutphin Boulevard, Jamaica, N.Y., at 3 AM / PM (circled: PM) on the 14 (DAY) day of July (MONTH), 20 26 to contest the annexed application, by calling/faxing to phone # qfcpart43@nycourts.gov ; I spoke to Part 43 QFC.

[DID YOU RECEIVE A RESPONSE?] CIRCLE ONE: YES / NO (circled: NO)

[WRITE RESPONSE HERE] ______________________________

______________________________

______________________________

I contacted them at 2:30 AM / PM (circled: PM) on the 13 (DAY) day of July (MONTH), 2026.

4. I believe that there will be significant prejudice by giving notice because

[WRITE YOUR REASONS] ______________________________

______________________________

______________________________

______________________________

5. No previous application for the same or similar relief has been made by me in this case except: June 25, 2026 3:00 PM, the respondents did not appear or respond

[ IF ANY PRIOR REQUEST HAS BEEN MADE, PROVIDE A DESCRIPTION OF WHERE, WHEN AND BY WHOM THE THE REQUEST WAS MADE, THE RESULT, AND IF THE APPLICATION WAS UNSUCCESSFUL, WHY YOU BELIEVE YOU ARE ENTITLED TO APPLY AGAIN .]

DATE : ______________

[signature]

[ SIGN IN THE PRESENCE OF A NOTARY PUBLIC ]

Sworn to before me on

13th day of July, 20 26

[signature]

NOTARY PUBLIC

ATIF Osman

[PRINT YOUR NAME]

KATHERINE A. MARMOL
Notary Public - State of New York
No. 04MA0030060
Qualified in Queens County
Commission Expires October 23, 2028

**Instructions: Fill in the Names of the Parties and the Index Number. Complete the blank spaces next to the instructions printed in bold type. PRINT AND USE BLACK INK ONLY. SIGN YOUR NAME IN THE PRESENCE OF A NOTARY PUBLIC.**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

In the Matter of the Application of

---------------------------------------------------------------x

ATIF C[illegible]

**[FILL IN NAME(S)]** Plaintiff(s)

Index Number 705493, 2026.

v. (Family Court Judge)

Hon. Quyanda C. Santaerbee [illegible]

Esther Cajuste (Family Court Referee)

**EMERGENCY AFFIDAVIT**

**[FILL IN NAME(S)]** Defendant(s)

---------------------------------------------------------------x

I ATIF C[illegible] **[INSERT YOUR NAME]** am the plaintiff/defendant **[CIRCLE ONE]** in the above-named action/special proceeding **[CIRCLE ONE]**. I request immediate judicial review of my Mandatory prior application disclosure OSC. **[INSERT DESCRIPTION OF PAPERS YOU ARE SUBMITTING, e.g., ORDER TO SHOW CAUSE]** on the following grounds (reasons) **[INSERT BELOW A BRIEF EXPLANATION OF WHY YOU NEED EMERGENCY OR IMMEDIATE RELIEF. DO NOT DISCUSS THE LEGAL MERITS (BASIS) OF YOUR CLAIM]**. The respondents have effectively blocked all my access to justice at Queens Family Court. They have issued exparte extra judicial orders against me and falsified court documents with regards to hearing & appearances. They have refused in person filing of motions on July 6 & mail [illegible] retripled motion by USPS despite accurate mailing address.

As the motion to recuse expose critical facts to the misconduct fraud upon the court & extra judicial non-discretionary practices.

[SIGN YOUR NAME IN THE PRESENCE OF A NOTARY PUBLIC]

Atif Chton

[PRINT YOUR NAME]

Sworn to before me on this 13th day of July, 2026

Notary Public

KATHERINE A. MARMOL
Notary Public - State of New York
No. 04MA0030060
Qualified in Queens County
Commission Expires October 23, 2028

# Exhibit B

**From:** Atif A K 1dr.atif@gmail.com
**Subject:** Re: REJECTION OF REFUSAL TO INVESTIGATE: Criminal Fraud by Referee Esther B. Cajuste (DITS: 17260118) / NOTICE OF CONCURRENT REFERRAL TO EDNY FOR RICO & COLOR OF LAW FRAUD
**Date:** September 25, 2026 at 4:23 PM
**To:** Public Corruption Bureau PublicCorruption@queensda.org, USANYS.EDCivilRights@usdoj.gov
**Cc:** Sarah Hwang SHwang@nycourts.gov, AD2-GRV2 ad2-grv2@nycourts.gov, New York State Commission on Prosecutorial Conduct cpc@cpc.ny.gov, IAB@nypd.org, james.barnacle@ic.fbi.gov, harmeet.dhillon@usdoj.gov, James.Cooney@ag.ny.gov, judiciary@cityhall.nyc.gov, squad5complaint squad5complaint@doi.nyc.gov, Brian S Gray BGray@osc.ny.gov, patelkpp@gmail.com, Clare_Slattery@grassley.senate.gov, David_Bader@grassley.senate.gov, Melissa_Kearney@grassley.senate.gov, Watson@coib.nyc.gov

AK

---

**To:** Bradley T. King, Chief, Public Corruption Bureau, Queens District Attorney's Office [2]

**Cc:** Chief, Public Corruption Section, U.S. Attorney's Office, Eastern District of New York; Chief, Civil Rights Section, U.S. Attorney's Office, Eastern District of New York; Federal Bureau of Investigation (FBI) Public Corruption Unit; Commission on Prosecutorial Conduct (CPC File No. 2026-02); Office of Court Administration [13, 14, 16]

Dear Mr. King,

**I am writing to formally reject the Public Corruption Bureau's refusal to investigate Court Attorney Referee Esther B. Cajuste, as articulated in your September 16, 2026 response letter under DITS: 17260118 (Exhibit I).** Your suggestion that I seek an administrative remedy through the Family Court's Supervising Judge or Chief Magistrate is an intentional, documented runaround. As proven by the attached administrative rejections, I have already explicitly informed your office multiple times that supervising jurists, including Hon. Gigi N. Parris, Hon. Anne-Marie Jolly, and Hon. Administrative Judge Adam Silvera, have systematically refused to intervene, confirming that "*it is improper for me to step into, comment on, or change anything in a case that is being handled by another judge, court attorney referee, or support magistrate*" **(Exhibit F)**. Deputy Chief Administrative Judge Silvera's office explicitly stated that he "*cannot interfere in a specific case being handled by a... court attorney referee*" **(Exhibit G)**.

Despite your awareness of the active litigation status at the Queens Supreme Court, you chose to issue a second letter that simply repeats the exact same dead-ended references to supervising and administrative judges **(Exhibit I)**. Because administrative avenues have been entirely exhausted, stonewalled, and dead-ended, your bureau represents the primary local venue for criminal accountability. **Concurrently, by copying the United States Attorney's Office for the Eastern District of New York (EDNY) and the Federal Bureau of Investigation (FBI) on this transmission, I am formally requesting a federal intervention into this public corruption syndicate under the Racketeer Influenced and Corrupt Organizations (RICO) Act (18 U.S.C. § 1962) and Deprivation of Rights Under Color of Law (18 U.S.C. § 242) should you continue your textbook refusal to perform your non-discretionary fiduciary duties.** [13, 14]

## 1. Stonewalling, Protected Class Status, and the Myth of Absolute Immunity

**I belong to a protected class,** and the targeted execution of these fraudulent actions against me cannot be separated from that status. Absolute immunity does not shield public officials from criminal liability, nor will it cause the crimes they have committed to disappear. You have to follow the law just like everyone else. You are not a jury, jurist, or lawmaker, but your persistent stonewalling is symbolizing the unchecked notion of judge, jury, and executioner—especially in the complete absence of any legal basis cited in the aforementioned letters from you.

This buck-passing extends to the highest levels of your agency. **I directly requested a meeting with District Attorney Melinda Katz via email to bring these criminal acts to her attention, but she simply forwarded my request to the Attorney Grievance Committee.** This action reflects a calculated custom of institutional cover-up, systematically passing the buck from elected to appointed officials to avoid accountability. Your refusal to act is a deliberate, ongoing waste of public resources. By ignoring concrete evidence, your bureau is allowing identified fraudsters and criminals to feed on the justice system and city government from the inside. The civil case is already active in the Supreme Court under **Index No. 705493/2026 (Exhibit D)**, and I am demanding to press formal criminal charges according to the law against all the perpetrators I have repeatedly reported to you with irrefutable proof.

## 2. Coordination of Fraudulent Protective Orders and Self-Incrimination

**In direct coordination with the trial ADA, the court attorney referee systematically coordinated the adjustments of court dates for two years while I strongly observed the issuance of fraudulent orders of protection—a targeted campaign that directly caused me severe PTSD, psychological trauma, and continuous child separation from my children.** [2, 8]

**Hon. Joseph J. Esposito has formally signed the Order to Show Cause under Index No. 705493/2026 for Referee Cajuste's fraud upon the court for lying about my court appearances/presence, fabricating fictional hearings, and refusing to acknowledge the receipt of stamped court documents (Exhibit D).** [13] As a prosecutor, your bureau has an obligation to find out exactly what is at stake for all these public officials to put their entire livelihoods on the line and openly self-incriminate themselves. Your investigation must uncover what reward, what financial kickback, or what illicit outside influence primarily drove these individuals to commit such blatant criminal offenses.

## 3. Non-Profit Exploitation of Court Fraud to Defraud Federal Resources

The underlying economic driver of this conspiracy is systemic municipal and federal funding fraud. **Just as former Bureau Chief Christine Oliveri immediately secured a landing spot as a supervising attorney at Sanctuary for Families, predatory non-profits systematically use assistant district attorneys and court attorney referees like Referee Cajuste to commit misconduct and fraud upon the court.** [2]

By doing so, these non-profit organizations manufacture a constant stream of fraudulent, artificial domestic violence cases under their umbrella. This enables them to directly claim and defraud massive federal resources, matching funds, and VAWA grants that extend far beyond local state and city funding. These disgraced public officials intentionally execute these crimes with the clear expectation that they will have a well-funded non-profit or a powerful private law firm, such as Proskauer Rose LLP **(Exhibit D)**, to fall back upon if their fraudulent activities are uncovered, and they will have some potential to be recruited at such entities.

## 4. Violations of Statutory Whistleblower and Subpoenaed Witness Protections

Your office's persistent refusal to act places you in direct violation of mandatory state and federal statutory protections. **I am both a subpoenaed non-party witness (Exhibit A) and an active law enforcement whistleblower.** [1, 2] The targeted campaigns of manipulation, document falsification, and malicious prosecution deployed against me represent a coordinated effort to execute witness intimidation and severe whistleblower retaliation. Under New York State law and federal mandates, individuals performing their legal duty to testify under a lawful mandate or acting to expose municipal corruption are guaranteed complete, unyielding immunity from administrative and physical state-sponsored retaliation. Your current strategy of stonewalling, turning a blind eye to document dumping, and shielding internal bad actors operates as an active, ongoing color-of-law infraction designed to suppress an indispensable truth-seeking mechanism of the court system.

## 5. Prior Structural Mandates Avoided Via Mootness Doctrine

Let me remind you that your office has already narrowly avoided supervisory mandates from the Supreme Court through procedural technicalities rather than a vindication on the merits. In my prior Article 78 proceeding filed under Supreme Court **Index No. 737766/2025 (Exhibit H)**, the Supreme Court was forced to deny my petitions and stay requests strictly as **moot**. [19, 23]

This mootness finding was triggered solely because Criminal Court Judge Hon. Anthony M. Battisti uncovered the heavily suppressed, hidden *Brady/Giglio* evidence and subsequently dismissed the underlying Criminal Case **(Docket No. CR-043139-24QN)** in its entirety on March 17, 2026 **(Exhibit B)**. [4, 7] Prior to Judge Battisti exposing these facts, his court had been actively misled for months by the flagrant misrepresentations and calculated omissions of ADA Suchak and the trial prosecutors. Your office did not "win" that Supreme Court challenge; you escaped an adverse structural judgment because the egregious nature of your internal misconduct forced the lower court to dissolve the criminal case entirely, leaving no live controversy to resolve.

## 6. Escalation to Federal Enforcement Bodies

Because local oversight infrastructures within Queens County are structurally gridlocked by defensive posture and silent complicity, I have expanded this operational threshold to external federal authorities. Despite my active, verified cooperation with the Department of Investigation (DOI), the New York Office of the State Comptroller (OSC), and the Conflicts of Interest Board (COIB), local political channels have fundamentally failed to respond—specifically, **Councilmember Linda Lee's office has completely ignored these major warnings.** [2]

**I have formally reported the embezzlement of public funds transacted between Huma Khan and Rokeya Akhter directly to the Federal Bureau of Investigation (FBI), the Department of Justice (DOJ) Civil Rights Division, and the National Fraud Enforcement Division.** [2] These federal entities are now actively pursuing a comprehensive investigation into multi-layered financial and civil rights frauds operating from inside Queens County. Your office's local refusal to investigate will not stop the integration of these records into an active federal docket.

## 7. Institutional Depletion of State, Judicial, and Federal Resources

Your refusal to provide any clear legal basis for failing to act on my structural criminal complaints mirrors the exact institutional bad faith previously displayed by your office. **Just as ADA Suchak and former Public Corruption Bureau Chief Christine Oliveri completely wasted the valuable time of Assistant Attorney General James B. Cooney and depleted the resources of the New York State Attorney General's Office** with the fraudulent, tainted proceedings inside the Criminal Court **(Exhibit H)**, your current inaction is executing the exact same strain on higher court administration.

By abdicating your statutory duties, **you are directly wasting the valuable time of Assistant Deputy Counsel Sarah Hwang and exhausting the finite resources of the Office of Court Administration.** [2]

Furthermore, your office is facilitating a massive, ongoing **wastage of federal resources and immigration fraud.** [2] As specifically detailed in the March 17, 2026, Criminal Court order issued by Hon. Anthony M. Battisti **(Exhibit B)**, the court's fact-finding revealed that Huma Khan sought advice on *"how to proceed with a domestic complaint and how doing so might affect one's immigration status"*. [5] Khan explicitly weaponized your office's Domestic Violence Unit to fabricate a basis for federal immigration benefits. By refusing to investigate this collusion, your office is directly enabling the exploitation of federal immigration programs through staged municipal prosecutions.

Ultimately, the law dictates that either you or the individual inevitably replacing you due to the high turnover within your bureau will be forced to act on these clear crimes. Until that moment occurs, thousands of hours of superior court time and federal administrative resources will continue to be completely wasted—systemic assets that should have been allocated to legitimate, more judicious purposes had your office simply done its job from the beginning.

## 8. Huma Khan (Civic Engagement Commission): The Core RICO Architect

- **Bribery (NY PL § 200.00), Rewarding Official Misconduct (NY PL § 200.20), & Corrupting the Government (NY PL § 496.05):** Huma Khan, a public employee of the Civic Engagement Commission (CEC) and Queens Borough budget coordinator, orchestrated this entire structural conspiracy. Court documents establish she used her public employment position and city budgetary access to route a $51,000 city grant directly into a private non-profit operated by DA Domestic Violence staffer Rokeya Akhter. This financial quid pro quo was utilized to buy influence and manipulate the DA's office infrastructure.
- **Falsifying Business Records (NY PL § 175.10) & Offering a False Instrument for Filing (NY PL § 175.35):**Khan gamed the very municipal system that employs her by lying to the NYPD on two distinct documented occasions, and procuring fraudulent immigration documents.
- **Conspiracy (NY PL § 105.10) and Judicial Concealment:** Khan engaged in systematic pre-arrest premeditation, utilizing DA infrastructure to launch a fraudulent prosecution as a weapon of direct retaliation. This scheme was deployed against me because I am a subpoenaed non-party witness against her auto insurance fraud under Supreme Court **Index No. 727141/2023 (Exhibit A)** and an active whistleblower to the Department of Investigation (DOI) regarding public funds embezzlement. After initiating these fabrications, Huma Khan actively engaged in concealing them from the criminal court with the help of ADA Suchak (utilizing Attorney Whitney Hood for the fabrication of materials) and subsequently at the Family Court with the explicit help of Attorney Whitney Hood and Referee Esther B. Cajuste.

## 9. Court Attorney Referee Esther B. Cajuste: Federal Mail Dumping & Impersonation

- **Mail Theft / Obstruction of Correspondence (18 U.S.C. § 1702) & Tampering with Public Records (NY PL § 175.25):** Referee Cajuste committed severe federal and state offenses by intentionally dumping and destroying USPS mail dispatched on July 7. This illegal dumping was executed specifically to intercept and block a formal motion for recusal from ever reaching the court system or being entered into the official docket log under Supreme Court **Index No. 705493/2026 (Exhibit D)**. Federal mail dumping to alter a judicial proceeding is a major criminal act.
- **Criminal Impersonation in the First Degree (NY PL § 190.26) & Official Misconduct (NY PL § 195.00):**Hon. Quynda Santacroce explicitly ruled in her September 9, 2026 Decision under Family Court **Docket No. O-21347-25 / File No. 238338 (Exhibit C)** that Referee Cajuste never possessed the requisite legal authority or consent to issue determinations on the family offense dockets. By fabricating fictional hearings, altering contact records, and issuing unauthorized temporary orders of protection, Referee Cajuste effectively impersonated a judge.
- **Offering a False Instrument for Filing (NY PL § 175.35):** Referee Cajuste explicitly lied on official court records regarding my physical presence to generate improper defaults, a fraudulent act halted only when Supreme Court Justice Joseph J. Esposito signed an emergency Order to Show Cause staying her orders under **Index No. 705493/2026** due to the *"deliberate misrepresentation of material facts on the Exhibit B order and Exhibit C order regarding Petitioner's physical presence"* **(Exhibit D)**. [13]

## 10. Rokeya Akhter (Queens DA DV Unit): Financial Quid Pro Quo & Retaliation

- **Official Misconduct (NY PL § 195.00) & Receiving Reward for Official Misconduct (NY PL § 200.25):**Driven by the $51,000 CEC grant, Ms. Akhter leveraged her position within your Domestic Violence Unit to actively assist Huma Khan in staging domestic violence allegations.
- **Perjury in the First Degree (NY PL § 210.15) & Hindering Prosecution (NY PL § 205.65):** For 18 months, Ms. Akhter pushed an illegal prosecution while concealing the digital fraud. As documented in the March 17, 2026, Criminal Court decision under **Dkt. No. CR-043139-24QN (Exhibit B)**, these communications portray a close relationship and were in the *"exclusive control of the prosecutor but never shared"*. On the witness stand during a subsequent Supreme Court fact-finding hearing, Rokeya Akhter explicitly confessed under oath that she possessed prior knowledge of these communications and deliberately remained silent to advance the fraudulent prosecution.

## 11. Internal DA Misconduct: Witness Tampering, Institutional Corruption, and Staff Removals

The systemic corruption within your bureau is a historical matter of record, defined by high turnover and disgraced officials who actively perverted the course of justice:

- **Christine Oliveri:** Ms. Oliveri, who spent 15 years at the Queens County District Attorney's Office before being removed in January 2026—the exact same month Hon. Anthony M. Battisti uncovered the prosecutorial fraud in my case [3, 4]—previously occupied the exact station you sit in now as Bureau Chief of the Public Corruption Bureau, actively coordinating with ADA Suchak to perpetrate witness tampering, suppress evidence, and shield municipal co-conspirators.Shockingly, **Christine Oliveri is now a supervising attorney at Sanctuary for Families—the exact same non-profit organization running these fraudulent proceedings in coordination with Referee Cajuste in Queens Family Court.** [2] Sanctuary for Families has advanced these bad-faith claims on behalf of Huma Khan through her current/former attorney, **Whitney Hood**, to manipulate both the **Queens Family Court dockets and federal USCIS pathways**. Attorney Whitney Hood is herself under active investigation for frivolous and malicious litigation by the Attorney Grievance Committee for the First Judicial Department (AD1). Furthermore, **Sanctuary for Families itself is currently under formal investigation by the New York Attorney General (AGNY) Charities Bureau** for structural fraud and misuse of funds. The rotating door between corrupt ex-prosecutors and targeted non-profits will not scrub this criminal history.
- **ADA Suchak — Witness Tampering in the Third Degree (NY PL § 215.11) & Federal Color of Law Violations (18 U.S.C. § 242):** ADA Suchak engaged in documented, active witness tampering, coached the complainant, and intentionally hid exculpatory evidence to sustain false charges. When she realized the criminal prosecution was collapsing under the weight of CPC investigations, she deliberately outsourced this ongoing retaliation to Referee Cajuste at the end of October 2025.
- **ADA Kristina Styles — Defrauding the Government (NY PL § 195.20):** As ruled by Hon. Anthony M. Battisti under **Dkt. No. CR-043139-24QN (Exhibit B)**, your office committed structural disclosure failures involving "*powerful impeachment evidence arising within the four corners of this case, partly created by the prosecutor's office*". Judge Battisti completely struck your office's Certificate of Compliance (CoC) after proving that prosecutors intentionally suppressed critical *Brady/Giglio* materials for nearly a year, involving structural disclosure failures of powerful impeachment evidence arising within the four corners of the case.

## 12. NYPD Falsification of Government Documents and Excessive Force

- **PO Brittany Arena (NY PL § 175.35):** Conducted a pre-planned arrest without a field interview, executing a pre-arrest staging window with Huma Khan for hours prior to the 911 call. She falsified official documents and was quietly reassigned to a Bronx 52nd precinct following exposure.
- **PO Ademir Zeqiri (NY PL § 210.15):** Utilized masked force on body-worn camera video and committed felony perjury by lying under oath during hearings under **Dkt. No. CR-043139-24QN**—an act directly refuted by the electronic metadata. Following the exposure of this conduct and the dismissal of my criminal case, Officer Zeqiri was also quietly reassigned out to 103rd precinct.
- **Sergeant Christian Kennedy (NY PL § 120.00):** Administered excessive force and criminally assaulted me under color of law, later explicitly admitting to the deployment of excessive force in a recorded IAB audio interview.

## 13. Open Evidence Availability

**Please feel free to request any specific evidence that I may provide directly to your desk.** [2] I maintain an exhaustive digital and physical archive ready for immediate deployment to any investigator willing to perform their non-discretionary duties. This repository contains complete **telecommunication call logs, irrefutable electronic and documentary bribery evidence, and verified timelines of events** to which I was an active, first-hand personal witness.

The facts will not change. I demand that the Public Corruption Bureau immediately cease its evasive maneuvers, respect the superior court's findings, and initiate a formal criminal investigation into Huma Khan, Esther B. Cajuste, Rokeya Akhter, ADA Suchak, and the participating NYPD officers.

Sincerely,

Atif A. Khan

---

## INDEX OF COMPULSORY EXHIBITS ATTACHED HERETO:

- **EXHIBIT A:** Subpoena Ad Testificandum dated November 5, 2025, issued under **Index No. 727141/2023**(Supreme Court, Queens County), commanding Atif Khan to produce records and video surveillance relative to an accident on 11/16/23.
- **EXHIBIT B:** Criminal Court Decision and Order dated March 17, 2026, issued by Hon. Anthony M. Battisti (**Dkt. No. CR-043139-24QN**), striking the CoC/SoR due to DA office noncompliance, concealment of *Brady/Giglio* materials, and dismissing all criminal charges.
- **EXHIBIT C:** Family Court Decision on Motion Seq. 003 & 004 dated September 9, 2026, signed by Hon. Quynda Santacroce (**Docket No. O-21347-25 / File No. 238338**), establishing concurrent criminal/family jurisdiction and delineating that Referee Cajuste lacked companion authority.
- **EXHIBIT D:** Supreme Court Order to Show Cause for Preliminary Injunction and Writ of Mandamus under CPLR Article 78, signed by Hon. Joseph J. Esposito on September 10, 2026 (**Index No. 705493/2026**), staying lower court enforcement of Referee Cajuste's orders due to material fraud.
- **EXHIBIT E:** New York State Commission on Prosecutorial Conduct (CPC) Official Acknowledgment Letter dated February 3, 2026, confirming active investigations into **CPC File No. 2026-02** and related tracking dockets against prosecuting staff (including tracking numbers 2026-02, 2025-134, 2025-157, 2025-195, 2025-223, 2025-307, 2025-451, 2025-452).
- **EXHIBIT F:** Family Court Administrative Letter dated July 9, 2026, signed by Supervising Judge Hon. Gigi N. Parris and Administrative Judge Hon. Anne-Marie Jolly under **File No. 238338**, establishing that the administrative leadership lacks jurisdiction to alter or intervene in lower court referee actions.
- **EXHIBIT G:** New York State Unified Court System Administrative Determination Letter dated August 25, 2026, signed by Monica Cheng, Esq., Chief of Staff to Deputy Chief Administrative Judge Hon. Adam Silvera (**File No.: 238338**), formally refusing to intervene in lower court actions.
- **EXHIBIT H:** Supreme Court Notices of Entry, Order, and Judgment dated May 15, 2026, signed by Hon. Mojgan C. Lancman under **Index No. 737766/2025**, dismissing prior Article 78 petitions against your office solely as procedurally moot following the lower court's structural dismissal of the criminal case.
- **EXHIBIT I:** Queens County District Attorney's Office Rejection Letter dated September 16, 2026, signed by Chief of Public Corruption Bureau Bradley T. King (**DITS: 17260118**), evading a criminal investigation by improperly redirecting the complaint to Family Court administrative officials despite their established lack of authority.



d. 705493_2026_In_the_Matte...

NEW YORK STATE | Commission on Prosecutorial Conduct

MICHAEL A. SIMONS
Chair

SUSAN FRIEDMAN
Administrator

February 3, 2026

**Sent Via Email**
Atif Khan
8808 197th St
Hollis, NY 11423
1dr.atif@gmail.com

**RE: CPC File No. 2026-02**

Dear Mr. Khan,

This letter is to confirm the receipt of your 1/2/2026 submission to the Commission on Prosecutorial Conduct. You have been assigned the following complaint number(s):

2026-02, 2025-134, 2025-157, 2025-195, 2025-223, 2025-307, 2025-451, 2025-452

Our team is working diligently to review each complaint, and we will reach out to you as soon as we have any updates or need additional information. We appreciate your patience and understanding.

Sincerely,

Myasia Fajardo
Executive Assistant

39 Broadway Suite 720, New York, NY 10006

f. Parris Jolly.pdf
513 KB

g. Admin judge letter.pdf
528 KB

h. 737766_2025_In_the_Matter...

i. ADA King Letter.pdf

On Sep 11, 2026, at 12:41 PM, Atif A K <1dr.atif@gmail.com> wrote:

**September 11, 2026**

Assistant District Attorney Bradley King
Chief, Public Corruption Bureau
Queens County District Attorney's Office
125-01 Queens Boulevard
Kew Gardens, NY 11415

Dear Assistant District Attorney King,

I am writing again to file a formal complaint and urgently request a criminal investigation into the unlawful actions of Court Attorney Referee Esther Cajuste, operating in the Queens County Family Court. Referee Cajuste has repeatedly falsified official court orders regarding my presence in court, placing me at immediate, critical risk of wrongful arrest. My personal liberty is actively threatened by these fabricated records.

The documentary evidence attached hereto conclusively establishes a pattern of criminal behavior by Referee Cajuste, violating specific state and federal statutes:

## I. Violations of New York State Penal Law (Falsification of Court Records)

1. **Issuing a False Certificate (NY Penal Law § 175.40 – Class E Felony):** As a public servant authorized by law to issue official written instruments, Referee Cajuste knowingly issued court orders containing false statements with the intent to deceive and injure. On May 22, 2026, she issued an Order on Motion #002 **(Exhibit B)** stating that on November 7, 2025, "*Atif Khan appeared without counsel*". This is a deliberate fabrication directly refuted by the original Temporary Order of Protection dated November 7, 2025 **(Exhibit A)**, which explicitly states that the proceeding was "*Ex Parte*" and that I was "*not present in Court*." Referee Cajuste fabricated my presence because there was no legal basis for these orders to be issued against me in the manner that they were.
2. **Offering a False Instrument for Filing in the First Degree (NY Penal Law § 175.35 – Class E Felony):**Referee Cajuste knowingly created and filed written instruments containing false information within public court records with the intent to defraud and misrepresent my legal status. On June 18, 2026, she issued and filed a Temporary Order of Protection **(Exhibit C)** falsely stating "*Both Parties Present in Court*" and indicating that the order was personally served upon me in court. This notation is entirely untrue; I was not there, the orders were not issued in my presence, and I was not served these orders, completely contrary to the false information explicitly written on the order. While the court had the lawful option to state on the record that the orders were issued ex-parte, Referee Cajuste chose instead to deliberately fabricate my presence and service. This systemic falsification is direct proof of collusion with the adverse party to engineer a fraudulent record. There was no legal basis for the entry, which was fraudulently recorded into the public database after I had already departed the courthouse.
3. **Tampering with Public Records in the First Degree (NY Penal Law § 175.25 – Class D Felony):** By knowingly making false entries and falsely altering the written records of the Queens County Family Court with the intent to defraud, Referee Cajuste has violated her legal authority and fundamentally compromised the integrity of the judicial record.

Because these falsified orders falsely claim I was present and officially served with behavioral restrictions, any alleged deviation can be weaponized to trigger a mandatory arrest for criminal contempt under New York law. The situation has become critical.

## II. Violations of Law Regarding Obstruction of Justice and Mail Fraud

1. **Obstruction of Justice:** On July 6, 2026, Associate Clerk Chris explicitly informed me that Referee Cajuste had issued specific instructions to the clerk's office to block any and all motions I attempted to file in person. This intentional suppression of my right to file documents constitutes a severe and direct obstruction of justice, explicitly designed to deny me access to the court and prevent any defense from being entered on the record.
2. **Federal Mail Fraud (18 U.S.C. § 1341) and Obstruction of Mail (18 U.S.C. § 1708):** Because Referee Cajuste blocked my ability to file motions in person, federal mail was my only remaining option to submit my legal documents to the court. To complete the suppression of my legal rights, Referee Cajuste escalated her scheme on July 7, 2026, by intercepting, discarding, and dumping my official motions and court records delivered via mail. This targeted disruption is verified by United States Postal Service (USPS) official tracking data **(Exhibit F)**, which demonstrates that mail items delivered to the court's front desk/mailroom at 12:06 PM and 12:07 PM were abruptly rejected, intercepted, and dumped under the pretext of an "insufficient address" at 7:00 PM that same evening. This interception of incoming mail matter prevented my documents from being properly received and filed by the clerk's office, constituting independent violations of federal criminal law.

## III. Exhaustion of Administrative Remedies

I have previously attempted to follow the guidance issued by your office on June 1, 2026 (DITS: 17260118), which directed me to file an administrative complaint with Judge Anne-Marie Jolly **(Exhibit D)**. I followed your directive, but on July 9, 2026, I received a final determination from the court administration **(Exhibit E)** stating that they lack the jurisdiction to intervene, comment on, or change records handled by another jurist. Because the administrative framework has confirmed it does not possess the authority to address this criminal falsification, I am returning this matter directly to your bureau for immediate criminal prosecution.

Given the serious nature of the allegations regarding felony falsification, the matter requires immediate review by the Public Corruption Bureau to investigate these actions and protect the rights and safety of the affected parties.

Thank you for your urgent attention to this matter.

Sincerely,

Atif Khan

**Enclosed Exhibits:**

- **Exhibit A:** Queens County Family Court Temporary Order of Protection, dated November 7, 2025.
- **Exhibit B:** Queens County Family Court Order on Motion #002, dated May 22, 2026.
- **Exhibit C:** Queens County Family Court Temporary Order of Protection, dated June 18, 2026.
- **Exhibit D:** Queens County District Attorney's Office Letter from ADA Bradley T. King, dated June 1, 2026.
- **Exhibit E:** New York City Family Court Supervising Judge Letter, dated July 9, 2026.
- **Exhibit F:** United States Postal Service (USPS) Certified Tracking Records (Tracking #9505513677286187019002 and #9505513677266187517807), showing July 7, 2026 mailroom reception and subsequent weaponized interception/return.

a. Nov 7 Absentia Order .pdf

b. May 22 false prsence Nov 7 .pdf

c. June 18 perjury.pdf

d. Letter ADA King.pdf

e. Letter Hon. Jolly.pdf
1.1 MB

f. USPS Updates.pdf

On Jul 9, 2026, at 11:10 AM, Atif A K <1dr.atif@gmail.com> wrote:

**Subject:** Urgent Update: Escalation to Criminal Conduct and Failure of Civil Remedies — DITS: 17260118

Dear ADA King,

I am writing to provide a formal and comprehensive status update following your June 1, 2026, correspondence regarding my complaints with the Public Corruption Bureau. Per your specific directives, I diligently pursued the civil and administrative remedies outlined in your letter. However, those channels have completely failed to provide oversight, and the situation has escalated into severe criminal conduct requiring immediate intervention from your office.

First, per your recommendation, I submitted a comprehensive administrative complaint regarding Referee Esther Cajuste's falsification of records to Administrative Judge Anne-Marie Jolly on June 5, 2026. To date, Judge Jolly has completely failed to respond. Furthermore, on June 30, 2026, I formally emailed my complaint against PO Brittany Arena to the NYPD Internal Affairs Bureau (IAB), copying your office. It has now been 9 days since that transmission, and IAB has completely failed to provide any response, case log, or acknowledgment of receipt.

Because the civil remedies you suggested did not work, the lower court infrastructure has used this administrative vacuum to engage in active criminal offenses designed to destroy my due process rights as a *pro se* litigant:

- **103rd Precinct Refusal to File:** I went to the 103rd Precinct to file a formal criminal complaint against Family Court Referee Esther Cajuste for the strategic falsification of court records. PO Schultz flatly refused to process or accept my criminal complaint, leaving me with zero local law enforcement recourse against a public official.
- **Escalation to Federal Mail Crimes:** Following this precinct blockage, lower court personnel acting under Referee Cajuste's instructions actively blocked my physical recusal motions at the clerk's window. To circumvent this, I dropped two identical generic envelopes into the mail sequentially within a seven-minute window on July 6, 2026 (at 3:00 PM and 3:07 PM). The envelope containing papers for Part 28 was successfully delivered, while the envelope destined for Part 43 (Referee Cajuste) was intentionally intercepted, opened, held for seven hours, and fraudulently flagged as "Insufficient Address" at 7:00 PM to be returned to sender—despite utilizing the identical building address.

The bad-faith opening, tampering, and interception of United States Mail to deliberately defeat legal process constitutes a federal crime under Title 18 of the United States Code (18 U.S.C. §§ 1701 and 1702). This is no longer a civil dispute over adjudicative errors; it is a coordinated pattern of public corruption, docket manipulation, and mail fraud.

I have formally established this entire criminal timeline on the public record under an active Supreme Court Article 78 proceeding. The Queens County Clerk officially processed and accepted my verified evidence yesterday afternoon, which I have attached to this email as a certified 16-page public record.

As itemized in the attached packet, this filing structurally incorporates four distinct exhibit categories reinforcing these claims:

- **EXHIBIT A**: A true copy of my June 30, 2026, formal email transmission to the NYPD Internal Affairs Bureau and your bureau.
- **EXHIBIT B**: A true copy of my June 5, 2026, formal email administrative complaint transmitted to Judge Jolly.
- **EXHIBIT C**: My documented statement regarding the encounter at the 103rd Precinct and PO Schultz's refusal to accept the report.
- **EXHIBIT D**: The official USPS tracking logs and physical cashier receipts proving the simultaneous mailing and selective interception of federal mail by Part 43 personnel.

Your administrative recommendations did not work because these individuals believe they are completely insulated from oversight. When confronted, Clerk Associate Supervisor "Chris" explicitly informed me that "the law doesn't apply to them". As Chief of the Public Corruption Bureau, you must now follow through and do the needful according to the book of law. I respectfully request that your bureau initiate a formal criminal investigation into this documented pattern of public officer corruption.

Respectfully submitted,

Atif A. Khan

**A. Formal Complaint Against Officer Brittany Arena Shield ...**

**B. Administrative Complaint Referee Esther Cajuste Quee...**
725 KB

**C. Cajuste complaint.pdf**

**D. 705493_2026_In_the_Matte...**

**ADA King.pdf**

On May 27, 2026, at 2:49 PM, Public Corruption Bureau <PublicCorruption@queensda.org> wrote:

Dear Atif Khan,

This information has been forwarded to the Bureau Chief.

Thank you,

<image001.png>

Stephanie Wentz
Senior Paralegal
Public Corruption Bureau
Queens County District Attorney's Office
80-02 Kew Gardens Road
Kew Gardens, NY 11415
Phone: (718) 286-6684
SAWentz@queensda.org

**From:** Atif A K <1dr.atif@gmail.com>
**Sent:** Wednesday, May 27, 2026 12:09 PM
**To:** Public Corruption Bureau <PublicCorruption@queensda.org>
**Subject:** Re: [EXTERNAL] Request for Review of Apparent Misrepresentation of Court Filings, Service Records, and Procedural Obstruction in Queens Family Court

***** External email: Use caution with links and attachments *****

**Subject:** Urgent Follow-Up: Falsification of Court Records and now Documents – Queens Family Court Case (File #238338 / Docket #0-21347-25)

Dear Ms. Wentz,

I am writing as a follow-up to my previously submitted complaint to the Queens DA's Public Corruption Bureau.

The situation has become significantly more critical since I submitted the intake form. According to the latest court order (attached). dated May 22. 2026 and issued by Court Referee Esther Cajuste, the official records falsely state that both Huma Khan (Petitioner) and I (Respondent) appeared without counsel on November 7. 2025. This is inaccurate.

For clarity:

- The petition was filed on October 28, 2025 by Huma Khan through her attorney, Whitney Hood.
- The Temporary Order of Protection was issued on November 7. 2025 in my absence. without any hearing or a finding of probable cause.
- The November 7, 2025 Summons (also attached) directed me to appear on February 24, 2026 in response to that same petition.

These inconsistencies reflect not only the falsification of court records regarding appearances and counsel status. but also the creation of misleading court documents. This pattern seriously undermines the integrity of the judicial process and warrants immediate investigation.

I respectfully urge the assigned Assistant District Attorney to review this matter urgently. I am available to provide any additional documentation as needed.

Thank you for your attention to this serious matter.

Sincerely. Atif Khan

On May 26, 2026, at 1:03 PM, Public Corruption Bureau <PublicCorruption@queensda.org> wrote:

Dear Atif Khan,

Your completed complaint form has been received by the Queens DA's Public Corruption Bureau and will be assigned to an Assistant District Attorney for review.

Regards,

<image001.png> | Stephanie Wentz
Senior Paralegal
Public Corruption Bureau
Queens County District
Attorney's Office

---

**From:** Atif A K <1dr.atif@gmail.com>
**Sent:** Monday, May 18, 2026 2:43 PM
**To:** Public Corruption Bureau <PublicCorruption@queensda.org>
**Subject:** Re: [EXTERNAL] Request for Review of Apparent Misrepresentation of Court Filings, Service Records, and Procedural Obstruction in Queens Family Court

***** External email: Use caution with links and attachments. *****

Dear Ms. Stephanie Wentz,

Thank you for your email and for confirming receipt of my complaint.

As requested. I have completed the complaint form and attached it to this email.

Please let me know if you require any additional information or documents.

Thank you for your assistance.

Respectfully. Atif Khan

On May 18, 2026, at 10:06 AM, Public Corruption Bureau wrote:

Dear Atif Khan,
The Public Corruption Bureau has received your email. Please fill out the attached complaint form so that an Assistant District Attorney can be assigned to review your complaint

form so that an Assistant District Attorney can be assigned to review your complaint.
Regards,

Stephanie Wentz
Senior Paralegal
Public Corruption Bureau
Queens County District
Attorney's Office

**From:** Atif A K <1dr.atif@gmail.com>
**Sent:** Friday, May 15, 2026 5:53 PM
**To:** Public Corruption Bureau <PublicCorruption@queensda.org>
**Cc:** qfcpart43@nycourts.gov; QueensFamilyCourt <queensfamilycourt@nycourts.gov>; judiciary@cityhall.nyc.gov; Whitney Hood <whood@sffny.org>
**Subject:** [EXTERNAL] Request for Review of Apparent Misrepresentation of Court Filings, Service Records, and Procedural Obstruction in Queens Family Court

You don't often get email from 1dr.atif@gmail.com. Learn why this is important

***** External email: Use caution with links and attachments. *****

**CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe. Report suspected phishing emails with the Phish Alert Button or forward them tophish@oti.nyc.gov as an attachment.

To the Public Integrity Bureau:

I respectfully submit this complaint requesting review of apparent misconduct involving the handling and representation of court-filed documents in my matter pending in Queens Family Court.

My concern involves Referee Esther Cajuste and opposing counsel Whitney Hood, whose actions appear to have undermined the integrity of the judicial process by denying receipt of properly filed and served documents despite documentary proof.

The relevant facts are as follows:

• On November 13, 2025, I filed my motion with the Court and received a stamped copy confirming receipt by the clerk's office.

• The motion was electronically served upon opposing counsel prior to filing and was later personally served on February 3, 2026. I possess video evidence relating to that service.

• On February 24, 2026, I again personally served the motion papers on opposing counsel during court proceedings, and pursuant to the instruction of Referee Cajuste, filed the papers at the docket window the same day, receiving stamped confirmation from the Court.

• Despite these filings and service efforts, opposing counsel repeatedly denied receipt of the motion papers and denied service notwithstanding the Certificate/Affidavit of Service, court-stamped filings, electronic submission records, and video evidence.

• During subsequent proceedings, Referee Esther Cajuste represented that she had "never received" the motion filings despite the existence of stamped court records confirming filing.

• On May 15, 2026, after approximately six months of denying receipt of the two previously served and filed motions, opposing counsel abruptly acknowledged electronic service of the latest motion (3rd filed) filed on May 14, 2026, with pending Sheriff service necessitated by her prior false denials of ever being served, only after introducing new counsel into the matter in connection with the third motion filing. This sequence of events raises serious concerns regarding whether prior denials were intended to delay proceedings and create a misleading procedural record regarding service and motion practice.

The combination of these denials by both opposing counsel and the referee, despite objective proof of filing and service, creates the appearance of coordinated disregard, suppression, or misrepresentation concerning properly filed legal papers.

I filed written notice to correct the record and submitted supporting exhibits, but no corrective action or acknowledgment has been provided.

These circumstances raise serious concerns regarding:

• material misrepresentation concerning receipt of court-filed and served documents;

• possible coordinated obstruction of lawful motion practice;

• possible concealment or disregard of official court records;

• denial of procedural due process through refusal to consider timely filed motions; and

• prejudice to my ability to fully and fairly present my case.

I respectfully request that the Public Integrity Bureau review:

• whether court filings or service records were improperly disregarded or concealed;

• whether any public official knowingly made materially false representations regarding those filings;

• whether improper coordination occurred between court personnel and opposing counsel; and

• whether corrective action or referral is warranted.

Attached Exhibits:

• Exhibit A – Criminal Court Dismissal Decision (March 23, 2026)

• Exhibit B – First Motion to Dismiss (Stamped – November 17, 2025)

• Exhibit C – Second Motion to Dismiss (Stamped)

• Exhibit D – Family Court Petition

• Exhibit E – Copies of Motions Filed

• Exhibit F – Certificate of Service (February 4, 2026)

• Exhibit G – Temporary Orders of Protection (November 7, 2025 and February 24, 2026)

• Exhibit H – Subpoena (Witness)

• Exhibit I – Article 78 Petition Filing (Index No. 705493/2026)

• Exhibit J – CitiBank Account Modification Attempt / Notification

• Exhibit K – ACS Unfounded Report (April 10, 2025)

• Exhibit L – Service Acknowledgement after Five Months (May 15, 2026)

I submit this complaint in good faith and respectfully request confirmation of receipt and review.

Respectfully,

Atif Khan

**********************************************************************************************************
This e-mail communication and any files transmitted with it contain privileged and confidential information from the Queens County District Attorney's Office and is intended solely for the use of the individual(s) or entity to whom it has been addressed. If you are not the intended recipient, you are hereby notified that any dissemination or copying of this e-mail is strictly prohibited. If you have received this e-mail in error, please delete it and notify the sender by return e-mail.
**********************************************************************************************************

**********************************************************************************************************
This e-mail communication and any files transmitted with it contain privileged and confidential information from the Queens County District Attorney's Office and is intended solely for the use of the individual(s) or entity to whom it has been addressed. If you are not the intended recipient, you are hereby notified that any dissemination or copying of this e-mail is strictly prohibited. If you have received this e-mail in error, please delete it and notify the sender by return e-mail.
**********************************************************************************************************

**********************************************************************************************************
This e-mail communication and any files transmitted with it contain privileged and confidential information from the Queens County District Attorney's Office and is intended solely for the use of the individual(s) or entity to whom it has been addressed. If you are not the intended recipient, you are hereby notified that any dissemination or copying of this e-mail is strictly prohibited. If you have received this e-mail in error, please delete it and notify the sender by return e-mail.
**********************************************************************************************************

# I. The Parties to This Complaint

## A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | ATIF KHAN |
| Street Address | 8808 197th St. Apt 3H |
| City and County | HOLLIS, QUEENS |
| State and Zip Code | NY, 11423 |
| Telephone Number | 347 4038362. |
| E-mail Address | 1dr.atif@gmail.com |

## B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known). Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | HON. QUYNDA L. SANTACROCE |
| Job or Title (if known) | ACTING FAMILY COURT JUDGE. QUEENS FAMILY COURT |
| Street Address | 15120 JAMAICA AVENUE |
| City and County | JAMAICA, QUEENS. |
| State and Zip Code | NY, 11432. |
| Telephone Number | 7182980197. |
| E-mail Address (if known) | QUEENSFAMILYCOURT@NYCOURTS.GOV |

Defendant No. 2

| | |
|---|---|
| Name | Ce ESTHER CAJUSTE. |
| Job or Title (if known) | COURT ATTORNEY REFEREE QUEENS FAMILY COURT. |
| Street Address | 15120 JAMAICA AVENUE |
| City and County | JAMAICA, QUEENS |

State and Zip Code: NY, 11432.
Telephone Number: 718 298 0197
E-mail Address (if known): QueensFamilyCourt@NYCourts.gov

Defendant No. 3

Name: Queens County Family Court
Job or Title (if known):
Street Address City and County State and Zip Code: 15120 Jamaica Av. Jamaica, Queens Jamaica, 11432.
Telephone Number: 718 298 0197.
E-mail Address (if known): QueensFamilyCourt@NYCourts.gov

Defendant No. 4

Name: City of New York.
Job or Title (if known):
Street Address City and County State and Zip Code: NY City Hall Pk. Path, Manhattan, NY 10007.
Telephone Number: 212 639 9675.
E-mail Address (if known): Judiciary@cityhall.nyc.gov

## II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.